## LOUISIANA & TEXAS LUMBER COMPANY V. WASHINGTON KENNEDY ET AL.

### No. 2037.   Decided April 6, 1910.

**1.—Assignment of Error—Proposition—Statement.**

An assignment of error held to present a definite proposition and to be accompanied with a sufficient statement to show error in the charge of the court of which it complained. (Pp. 299, 300).

**2.—Limitation—Ten Years Possession of Part—Boundaries of Prescription.**

Possession for ten years of less than 160 acres out of a larger tract and not held under a deed defining the boundaries claimed by the possessor, entitles him to 160 acres, including the part actually so possessed with its improvements (Rev. Stats., arts. 3342, 3344); but the possessor is not entitled to select the 160 acres to which his prescription is to extend arbitrarily; he acquires, as against the owner of the entire tract, title to an undivided 160 acres thereof, to include the part held in actual possession by him for the statutory period, but the limits beyond such actual possession are to be ascertained by partition by decree of the court as in the case of other cotenants. (Pp. 300, 301).

**3.—Same—Prescription by Definite Boundaries—Survey.**

One claiming title by limitation to 160 acres of land out of a larger tract, by actual possession for ten years of less than that amount, can not make definite the limits to which his prescription extends by survey designating the entire 160 acres claimed by him, except by adverse holding of the part possessed for ten years after such designation of the limits of his claim. (P. 301).

**4.—Same.**

The act of one claiming title to 160 acres of land by possession for ten years of a less amount, in attempting to define the limits of his claim by a survey, could be treated by the court as effective in making his prescription prior to such survey apply to the limits thereby designated only when such survey was in the only form in which the 160 acres could be laid off so as to include the portion which he had actually held in possession and improved. A survey so designating the claimant's boundaries considered and held not to be the only partition possible, but to the prejudice of the owner prescribed against, it leaving the remainder of his land in unavailable form. (Pp. 301, 302).

**5.—Case Limited.**

Giddings v. Fischer, 97 Texas, 184, discussed, explained and limited. (Pp. 302, 303).

Error to the Court of Civil Appeals for the First District, in an appeal from Houston County.

Kennedy and wife sued the lumber company for the recovery of land and obtained judgment. It was affirmed on appeal by defendant, who thereupon obtained writ of error.

*Nunn & Nunn,* for plaintiff in error.—One can not enter on a survey exceeding 160 acres, and by actual possession of a small part thereof and the maintained assertion of a general and indefinite claim to 160 acres thereof, including his improvements, for ten years, become entitled either to select 160 acres of the larger survey, or have the court at the end of the limitation period select it for him. Rice's Ex. v. Goolsbee, 99 S. W., 1031; Giddings v. Fischer, 97 Texas, 188; Titel v. Garland, 99 Texas, 201; Cruse v. Richards, 100 S. W., 205; White v. Eavenson, 46 Texas Civ. App., 158; Nona Mills v. Wright, 101 Texas, 14; Simpson v. Johnson, 44 S. W., 1076.

*J. W. Madden and Geo. W. Crook,* for defendants in error.—The case of Giddings v. Fischer, 97 Texas, 184, cited and relied upon by appellant can not correctly be regarded as applicable to this case, because the pleadings and the evidence in the two cases are quite different, and it turned upon fatal defects of uncertainty in both the pleadings and the evidence. The distinction is clearly shown in Parker v. Cameron & Co., 12 Texas Ct. Rep., 735, where Giddings v. Fischer is specially referred to and its nature discussed and explained. We assert that Giddings v. Fischer. announces the rule for which we are here contending, as shown by section 2 of the syllabus.

MR. JUSTICE BROWN delivered the opinion of the court.

Kennedy and wife instituted this suit to recover of the plaintiffs in error 160 acres of land, being a part of survey No. 56 in the name of the International & Great Northern Railroad Company, situated in Houston County. We will eliminate from this statement all that does not bear upon the issue of law that is presented to us for decision. The lumber company had the title to the land unless Kennedy acquired title thereto by limitation of ten years. There is no dispute before us as to the occupancy of the land for ten years, but the proposition is presented that Kennedy was not entitled to a judg-

ment for the specific land described in his petition and we will make our statement of facts with reference alone to that question. Kennedy had previously had possession of this land and had placed upon it a residence house and some outhouses, had enclosed twenty-five acres north of his house and nine acres south of it, but he lost that possession and it is not considered in this case. In 1890, while living upon another survey of land, Kennedy cultivated a small field on the International & Great Northern Railroad survey embraced in the land sued for. In 1891 he moved on the land with his family and has continued in possession of it, cultivating the two small fields up to the time of the trial. He made no claim to any specific part of the land but claimed 160 acres until 1897, when he employed one Jones, a surveyor, to run out and designate the limits of his claim. It is sufficient to say that Jones' field notes as made out by him included but little of the land now claimed by Kennedy but Kennedy and his family testified that Jones actually run the lines so as to include Kennedy's improvements. The suit was instituted on the 12th day of April, 1907, and the land was described in the petition by the Jones field notes. Subsequently the plaintiff employed one Duran to make a survey of the land, which differed from the survey made by Jones. The latter survey called to begin at the southwest corner of the I. & G. N. R. R. survey No. 56 and the northeast corner of the R. Arnold survey; these field notes were embodied in an amended petition. Subsequently the plaintiff had one Durst, a surveyor, survey the land and make field notes thereof. The Durst survey called for beginning 74 varas N. 80 W. from the R. Arnold survey, thence running so as to include the improvements which had been made by Kennedy upon the land. The trial court charged the jury as follows:

"If you fail to find that plaintiff, Wash Kennedy, executed the written instrument of date June 29, 1900, then you will find for plaintiff for the land described in the second amended original petition, or such portion thereof, if any, which you may find from the evidence plaintiffs were claiming for a period of ten years prior to the filing of the original petition in this case and after the 14th day of February, 1888; provided you further find that plaintiffs had peaceable and adverse possession of some portion of the land so claimed, if any, cultivating, using or enjoying same for said period of ten years.

" 'Peaceable possession,' within the meaning of the law and this charge, is such as is continuous and not interrupted by adverse suit to recover the estate or land."

Error is assigned to the third charge (copied above) upon the following ground, because said charge assumes as a matter of law that the peaceable and adverse possession of a portion of the land described in plaintiff's amended petition and the cultivation, use and enjoyment of the same for a period of ten years would authorize the jury to find for the plaintiffs the 160 acres of the land described in plaintiffs' amended petition. The Honorable Court of Civil Appeals declined to consider this assignment because no proposition was made under it nor any statement. In this we think that court erred, for

the assignment is itself a definite proposition and counsel had in the statement of the case in his brief made a full and complete statement of the facts which would have been necessary to place under this assignment. We therefore are of the opinion that we should consider the assignment as having been overruled by the Court of Civil Appeals, because it is said by that court, if it should consider the assignment it would be overruled.

We copy below articles 3343 and 3344, Revised Statutes:

"Art. 3343. Any person who has the right of action for the recovery of any lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using or enjoying the same, shall institute his suit therefor within ten years next after his cause of action shall have accrued, and not afterward."

"Art. 3344. The peaceable and adverse possession contemplated in the preceding article, as against the person having right of action, shall be construed to embrace not more than one hundred and sixty acres, including the improvements or the number of acres actually inclosed, should the same exceed one hundred and sixty acres; but when such possession is taken and held under some written memorandum of title, other than a deed, which fixes the boundaries of the possessor's claim and is duly registered, such peaceable possession shall be construed to be co-extensive with the boundaries specified in such instrument."

We will assume that Washington Kennedy has occupied the land embraced in the I. & G. N. R. R. survey No. 56 for a time sufficient to entitle him to 160 acres of the land. The question which we will first consider is, had Kennedy the right to recover the particular land specified in the amended petition upon which he went to trial? By his actual possession Kennedy became entitled by limitation to 160 acres of the land, but the only designation of boundary of such claim by the law is that it must include his improvements. The method prescribed by the statute by which the possessor can fix and determine the limits of the land himself is (1) by a claim under a written instrument duly recorded, or (2) by enclosing a quantity exceeding 160 acres. We find no authority in the statutes nor in the decisions of this State which would authorize the occupant of the land, after the completion of limitation, to arbitrarily survey and set apart for himself such portion of the land as he might choose. In the absence of any provision of the law for separating the land acquired by limitation from the body of the tract the parties would be left to such methods as would apply to any other joint owners or tenants in common of a tract of land, which would be by mutual agreement or by the decision of some court having jurisdiction to determine the matter.

Having acquired 160 acres in the tract of land, Kennedy became in effect a tenant in common with the owners of the remainder, and we think that he could not have acquired a greater right by limitation than he would have acquired if the owner had conveyed it to him, using the terms of the statute, that is, if they had made a deed to him, describing the land as "160 acres of the I. & G. N. R. R. survey No. 56 to be surveyed so as to include his improvements."

Suppose that with such conveyance this action had been brought, could Kennedy have pursued the course that he did here and caused a survey to be made according to his own direction so as to include his improvements and disregard the rights of the other joint owner who had an interest to be guarded in that partition? We are of opinion that no such right existed in favor of Kennedy as against the owner, and that while he might have had a survey made and have based his suit upon it, it would not necessarily be the land to which he would be entitled. In order for him to recover upon such a survey it would be necessary that it should appear to be a proper allotment of the land in justice to both parties. The court might adopt such a survey under proof like that, but nothing of that kind appears in this case.

Assuming that Kennedy might have made a survey, describing the limits of his claim, and could have acquired by limitation the land within the bounds of such survey, the evidence will not support the judgment for the land described in the petition, because (1) the Jones survey which was the first made lacked one day of being ten years old when this suit was instituted; (2) because the field notes in the petition do not embrace the same land that would be embraced by the survey made by Jones. If he claims under the survey then he must show his possession and claim under such survey for the full length of time necessary to complete the bar. There is no doubt of the correctness of the proposition submitted by the plaintiff in error that the court erred in directing the jury to find for the plaintiffs the land described in the petition in case they found the facts stated in the charge, unless the Court of Civil Appeals is correct in its conclusion that no other form of survey would answer the requirements of the statute, that is, embrace the 160 acres of land and include the improvements thereon. If that were conclusively correct we might hold that the error in the charge was harmless and refuse to reverse the judgment. But the learned judge who wrote the opinion did not state the facts upon which he based the conclusion that no other form of survey would answer the requirements of the law, which makes it necessary for us to look to the evidence to determine whether that conclusion is sustained by undisputed evidence. The original survey as shown by the plot in evidence is of a very irregular form and the boundaries of the land sued for, as shown on the plot, present this condition. The northwest corner of the R. Arnold survey and the southwest corner of the original I. & G. N. R. R. survey No. 56 are identical; the east line of the latters runs practically north from that corner and the body of the tract lies eastward in the form shown by the plot. The field notes in the petition called to begin 74 varas N. 80 E. from the northeast corner of the Arnold (the southwest corner of No. 56, I & G. N.); which would place the beginning corner on the south line of No. 56, at 74 varas from its southwest corner, thence running the west line of the 160 acres north almost parallel to the west line of No. 56, would leave between the two lines a strip of 74 varas for a distance of 1090 varas. The north line of the 160 acres runs eastward to a point near to the east line of No. 56, from which the

east line of Kennedy's claim runs south to the south line of the survey. Between the east line of No. 56 and the east line of the 160 acres is a very narrow body of land. On the west of the 160 acres between it and the west line of the original survey, is, a very irregular body of land. Now looking at the survey as it is thus platted, the owner of No. 56 has his land left to him in three different bodies, a strip of 74 varas wide by 1090 varas long on the west, a body of land on the north, the quantity of which is not shown, and an irregular tract on the east, the number of acres not given. Evidently the owner of the land must be damaged by having the remnant of his land left in three pieces of irregular shapes. If, however, the survey could not be run in any other way so as to secure the rights of Kennedy, then the plaintiff in error must suffer the consequences. Looking at the plat we see that the north line of the 160 acres runs a considerable distance north of the 25 acre field, leaving apparently as much or more land between the field and the north line of the 160 acres as there is below the north line of the field, hence it appears from the plat that if the west line of the 160 acres had been run with the west line of the survey, embracing the strip of 74 varas in width, and if the north line should be moved southward, extending to the east line of survey No. 56 so that the land thus enclosed would include all of the improvements of Kennedy and also embrace the 160 acres, that which Kennedy would receive would be in accordance with his rights under the statute and the land left to the plaintiff in error would be in a body instead of being in three different parcels.

If the court had appointed commissioners to partition this land between the owner of it and defendant in error, with instructions to lay it out according to the statute, can it be said that commissioners, desiring to make a fair partition between the parties, would have been compelled to have divided the land in the shape presented by the Durst survey? The survey as it is represented in the petition expresses simply the desire of Kennedy and serves his interest only in disregard of the interest of the other party.

The case of Giddings v. Fischer, 97 Texas, 184, involves questions in some degree analogous to those under consideration in this case. Giddings instituted suit for trespass to try title against Fischer to recover a survey of land in the name of one Bridges. There was no question as to Giddings' title to the land presented in this court, but Fischer pleaded not guilty and also pleaded the statute of limitations of five and ten years under deeds through which he claimed title. In his pleas of limitation he undertook to give the field notes of the tract of land that he occupied but the description was very indefinite. He also pleaded ten years limitation as a naked possessor of a definite portion of the original tract and in that plea also attempted to give a description of the land so occupied. Judgment was rendered in the trial court in favor of Fischer for the land. It was held by this court that the description given in the pleas of limitation was not sufficient to sustain the judgment in favor of Fischer and in discussing that question Chief Justice Gaines said: "The attempted description in the judgment does not fix with any degree

of certainty the west line of the land adjudged to the defendant in error and the judgment is therefore erroneous. In this connection, we remark that the defendant's plea of limitation is also insufficient, because it does not describe the land claimed by him. This especially applies to the plea under which he sought to hold 160 acres as a naked possessor. The attempted description in that plea gives only the east and south boundaries of the 160 acres and leaves it wholly uncertain as to the location of the other boundaries of the tract so claimed. When a party is in possession of land of which he has held adverse possession of ten years, and claims under no muniment of title or color of title which fixes the boundaries of his claim, he may under our statute assert title to 160 acres without showing actual occupancy of the whole, provided that the tract so claimed embrace the land of which he has had actual possession, and provided further, that he describe in his pleading the 160 acres to which he asserts title, and that he prove upon the trial that while occupying a part he claimed the whole. Not having described the land in any of his pleas, it seems to us that the defendant has no standing in court."

The language quoted above must be understood to apply to the facts before the court and plainly means that when one, in possession of a portion of a survey of land, seeks to hold or recover a definite part by limitation, he must set up in his answer the boundaries to which he has made claim with such certainty as would be sufficient to support a judgment in his favor and also prove the occupancy of the land so described for the period of time necessary to establish his right. The occupancy of a part of a survey without designated boundaries either by written instrument recorded or by enclosure as specified in the statute was not before the court in that case and the language used could have no applicability to such state of facts.

The principle announced in Giddings v. Fischer is applicable to this case. Kennedy in his petition claimed title to a definite portion of the original survey No. 56, setting out the field notes of his claim and it was necessary for him to prove that he occupied the land described in his petition for ten years prior to the institution of the suit in order for him to recover in that case. The evidence showed without question that he had not occupied the land described for the length of time necessary under the statute, therefore, he could not be entitled to recover the land as described in his petition. The right of Kennedy to recover upon a claim of possession without definite enclosure has not been presented in this case, except incidentally, and as the judgments of the District Court and Court of Civil Appeals must be reversed and the cause remanded, the claim of Kennedy, if he has any under the statute by reason of occupation without definite boundaries, can be adjudicated. It is therefore ordered that the judgments of the District Court and Court of Civil Appeals be reversed and the cause remanded.

*Reversed and remanded.*