LOUISIANA & TEXAS LUMBER COMPANY v. JAMES STEWART ET AL.

Decided May 23, 1910.

**1.—Trespass to Try Title—Limitation—Verdict—Void for Uncertainty.**

In a suit of trespass to try title for a tract of 640 acres of land, the defendants claimed 160 acres of the same under the ten years statute of limitation; in their answer they described their claim as follows: "It being situated on the survey of land described in plaintiff's petition and bounded on the east by the Mason survey; on the north by the George and Jim Harrison lands; on the west by the lands of Hodge and Tunstall; and the same to extend far enough south to embrace 160 acres of land and to include defendant's improvements thereon;" the 640-survey was a long survey of irregular lines on the east and west, and the undisputed testimony was that the 160 acres claimed by defendant could not be identified by the description in the answer; it was not fenced; the jury returned a verdict as follows: "We the jury find for the plaintiff all the land sued for, except we find for the defendants 160 acres of land in the I. & G. N. survey, sec. 40, so as to include all of his improved property on sec. 40," and the same description was carried into the judgment. Held, the verdict and judgment were void for the want of sufficient description to identify the land awarded to defendants.

**2.—Limitation—Ten Years Statute—Title of Occupant.**

If an occupant of a larger tract of land claiming title by limitation to 160 acres thereof fails to show that he has held adverse possession of the specific tract claimed by him for ten years, and also fails to show that it would be fair and just to his co-owners to have the specific 160 acres claimed by him set apart to him by the court, he would nevertheless be entitled, under proper pleadings, to have the court designate and set apart to him such 160 acres as the equities and justice of the case required. This might be done by the court itself if the evidence warranted it, or by the appointment of commissioners of partition.

**3.—Same—Case Followed.**

On the question as to character of title to land acquired under and by virtue of the ten years statute of limitation, the case of Louisiana & Texas Lumber Co. v. Kennedy, 103 Texas, 297, followed.

Appeal from the District Court of Houston County. Tried below before Hon. B. H. Gardner.

*Nunn & Nunn,* for appellant.—The trial court erred in not granting the plaintiff's motion for a new trial upon the ground, as follows: "The verdict of the jury and the judgment of the court based thereon

is contrary to and not supported by the evidence, in this: The undisputed and uncontradicted evidence showed that the defendants were claiming no specific or certain 160 acres of land at any time during their occupancy of any part of the land in controversy; and further, that the description of land now claimed by the defendants, as embraced in their answer, is not such a description from which any land can be identified on the ground, as shown by the testimony of J. M. Hall, the surveyor who surveyed out on the ground this section 40, and also the improvements thereon of the defendants; and further, because to designate any certain or specific 160 acres of land as awarded to the defendants by the jury in their verdict would be arbitrary and without authority of law." Rice v. Goolsbee, 45 Texas Civ. App., 254; Giddings v. Fisher, 97 Texas, 188; Titel v. Garland, 99 Texas, 201; Cruse v. Richards, 100 S. W., 205; White v. Eavenson, 46 Texas Civ. App., 158; Nona Mills Co. v. Wright, 101 Texas, 14; Simpson v. Johnson, 44 S. W., 1076.

*Madden & Ellis,* for appellees.—Though a verdict may not be in its form strictly in accordance with the court's charge, yet if its meaning is manifest by reference to the entire record, and it is sufficiently responsive to the issues prescribed by the pleadings to enable the court to adjudicate the rights of the parties, it is sufficient, and should not be set aside for mere informality. Rev. Stats., arts. 1332-1329; Gulf, C. & S. F. Ry. Co. v. James, 73 Texas, 19; Harkey v. Cain, 69 Texas, 151.

PLEASANTS, Chief Justice.—This is an action of trespass to try title brought by the appellant against the appellees, James Stewart and his wife, Mattie Stewart, to recover the title and possession of a tract of 640 acres of land in Houston County known as I. & G. N. R. R. Survey No. 40.

Defendants answered by general demurrer and plea of not guilty, and by special plea setting up title by limitation of ten years to a tract of 160 acres of the survey described in plaintiff's petition. The 160 acres claimed by defendants under the statute of limitation is thus described in their answer: "It being situated on the survey of land described in plaintiff's petition, and bounded on the east by the Mason survey, on the north by the George and Jim Harrison lands, on the west by the lands of Felix Hodges and Buck Tunstall, and the same to extend far enough south to embrace 160 acres of land and to include defendants' improvements thereon."

The only description of the 640-acre survey contained in plaintiff's petition is as follows: "640 acres of land patented by the State of Texas to the International & Great Northern Railroad Company on or about the 30th day of October, 1877, certificate No. 3530, survey No. 40, patent No. 138, vol. 41."

The trial in the court below with a jury resulted in the following verdict: "We the jury find for the plaintiff all the land sued for, except we find for the defendants 160 acres of land in the I. & G. N. survey, section 40, so as to include all of his improved property on section 40." Upon this verdict the court rendered a judgment which.

after the formal recitals as to the appearance of the parties, empaneling of the jury, and the return of the verdict, which is set out in full, proceeds as follows:

"And it appearing to the court that the verdict of the jury does not specifically designate the 160 acres of land to which the defendants are entitled thereunder, and that it becomes the duty· of the court to define and designate the same, the court finds that under the evidence the following is an equitable designation of said 160 acres of land on the said section 40 sued for in plaintiff's petition so as to include the improvements placed thereon by the defendants, to wit: Beginning on the E. B. line of the said section 40 and at the most westwardly corner of the S. Pritchard survey. Thence N. 35 W. 916 vrs., corner. Thence N. 55 E. 962 vrs. to the E. B. or N. E. B. line of said section 40, and it being the W. B. or S. W. B. line of the McKinney & Williams survey of land. Thence S. 35 E., with the said line of the said McKinney & Williams survey, 916 vrs., to the most northwardly corner of the said Pritchard survey. Thence S. 55 W. with the N. or N. W. B. line of said Pritchard survey, 962 vrs. to the place of beginning.

"It is therefore ordered, adjudged and decreed by the court that the defendants, James Stewart and wife, Mattie Stewart, do have and recover of the plaintiff, Louisiana & Texas Lumber Company, the said above described land, and all costs of suit, for which they may have their execution and writ of possession, and that plaintiff do have and recover of the defendants the remainder of the said section 40 as sued for and described in plaintiff's petition, it being a survey of 640 acres of land situated in Houston County, Texas, and the same patented by the State of Texas to the International & Great Northern Railroad Company on or about the 30th day of October, 1877, certificate No. 3530, survey No. 40, patent No. 138, vol. 41."

Plaintiff in due time filed a motion for new trial. Upon the hearing of this motion the court made and entered the following order:

"This day came on to be heard the amended motion for a new trial by the plaintiff in the above styled and numbered cause, and the court having heard said motion and the argument of counsel thereon, and having fully considered the same, is of the opinion that the law is against said motion; but the court, of its own motion, orders that the judgment rendered and entered heretofore and at this term of this court, on to wit, the 7th day of April, 1909, be so reformed as to correspond with the verdict as found by the jury, which reads as follows: 'We, the jury, find for the plaintiff all the land sued for, except we find for the defendants 160 acres of land in the I. & G. N. survey, section 40, so as to include all his improved property on section 40.'

"It is therefore ordered, adjudged and decreed by the court that said motion for a new trial be and the same is hereby overruled, to which ruling of the court plaintiff duly excepts and in open court gives notice of appeal to the Honorable, the Court of Civil Appeals of the First Supreme Judicial District of Texas, and is allowed thirty days after the adjournment of this term of this court within which to file a statement of facts and bills of exceptions.

"It is further ordered, adjudged and decreed by the court that the

defendants, James Stewart and wife, Mattie Stewart, do have and re-
cover of the plaintiff, Louisiana & Texas Lumber Company, 160 acres
of the land sued for herein by plaintiff, the same to include the im-
provements placed thereon by the defendants, for which defendants
may have their writ of possession, and that the title of the defendants
to the said 160 acres of land be forever quieted, and that they recover
of plaintiff all costs in this cause incurred, for which they may have
their execution. And it is ordered, adjudged and decreed by the court
that the plaintiff, Louisiana & Texas Lumber Company, do have and
recover of the defendants, James Stewart and wife, Mattie Stewart,
the balance of the land sued for herein, the land sued for being 640
acres in Houston County, Texas, patented by the State of Texas to the
International & Great Northern Railroad Company on or about the
30th day of October, 1877, certificate No. 3530, survey No. 40, patent
No. 138, vol. 41, for which plaintiff may have its writ of possession.
To which action of the court the parties plaintiff and defendants duly
excepted, and each in open court gives notice of appeal to the Hon-
orable, the Court of Civil Appeals of the First Supreme Judicial Dis-
trict of Texas, and are allowed thirty days after the adjournment of
this term of this court within which to file a statement of facts and
bills of exceptions."

The evidence shows that plaintiff has title to all of the 640-acre
survey, unless defendants have acquired title by limitation to 160 acres.
The evidence upon this issue is, in substance, that the defendants
made improvements and settled upon the survey in 1894, and have
lived thereon continuously since that time. The improvements con-
sist of a dwelling house, crib, well, smoke house, garden and field of
about twenty acres.

The defendant James Stewart testified that he had been claiming a
home of 160 acres of this survey ever since he settled thereon. His
testimony as to the extent and location of his claim is as follows:

"The 160 acres that I claimed there was that on which I was living.
What I claim is northwest of the Mason survey, enough to make a hun-
dred and sixty acres. I just claimed enough to make the hundred and
sixty acres. I never had it surveyed out. The company surveyors
surveyed it (the whole section) about four years ago. It has been sur-
veyed twice. It was surveyed again this year, but the surveyors did
not run around the field. The first survey of which I speak has not
been as long ago as 1899 or 1900. I think it was made about four
years ago."

Section No. 40, I. & G. N. R. R. survey, is a long survey of irregu-
lar width, there being many offsets and angles in its east and west
lines. The length of the survey is from north to south. Defendants'
improvements are in the northern portion of the survey and near its
east line. The Mason survey, mentioned in the description of the 160
acres contained in defendants' answer as bounding said 160 acres on
the east, is at the southeast corner of the 640-acre survey involved in
this suit, about 2,000 varas south of defendants' improvements. The
Harrison lands mentioned in said description are near the northeast
corner of the 640-acre survey. There is no evidence as to where the
Felix Hodges or Buck Tunstall lands are situated. The only surveyor

who testified stated that he knew nothing about any Felix Hodges or Buck Tunstall land, and that no 160 acres of land could be located by the description contained in defendants' answer. This testimony was undisputed.

From the statement of evidence it is apparent that, while the description of the 160 acres claimed by the defendants contained in their plea of limitation is not on its face so indefinite or uncertain as to render it void, when an attempt is made to apply such description to 160 acres of land on the 640-acre survey in controversy, so laid out as to include defendants' improvements, it becomes wholly insufficient. No tract of 160 acres on said survey can be laid out in accordance with said description, and therefore the description does not, in fact, identify or segregate the land claimed by defendants on said survey.

The verdict of the jury and the judgment as reformed by the court upon the hearing of the motion for new trial are both indefinite and insufficient in that they contain no description of the land awarded defendants by which it can be identified, and the assignments of error complaining of the verdict and judgment on this ground must be sustained.

The defendants by their plea of limitation sought to recover a specific tract of 160 acres of the 640-acre survey, and to entitle them to such recovery it was incumbent upon them not only to give a sufficient description of said tract in their pleading to identify same, but to show by reasonably satisfactory proof the location and boundaries of the land they so claimed. Had the evidence shown that the 160 acres could be identified and located by the description given in the plea, a verdict and judgment awarding defendants the 160 acres claimed by them would have been sufficiently definite in description of the land; but, as before shown, the verdict and judgment rendered fail to designate with any certainty what specific part of the 640-acre survey defendants are entitled to hold under their plea of limitation, the only description given being 160 acres of the 640-acre survey, including defendants' improvements.

Upon the case as presented by the pleadings and evidence two issues were required to be determined by the verdict and judgment. These issues were, first: Had defendants acquired title to 160 acres of land sued for by plaintiff, by adverse possession of ten years; and second, what specific 160 acres of said land, if any, were defendants entitled to recover? The verdict of the jury settled the first of these issues in defendants' favor, but neither the verdict nor the final judgment rendered thereon determine the latter. This is, we think, a fatal defect in the judgment. Under the judgment finally rendered in the case it would be impossible for the officer executing the writ of possession awarded plaintiff to determine what portion of the land in controversy should be placed in plaintiff's possession. The plaintiff was entitled to a judgment definitely determining its rights in the subject matter of the suit, and one that could be certainly and intelligently enforced, and it is manifest that the judgment rendered in this case does not meet these requirements. Jones v. Andrews, 72 Texas, 5.

Defendant's plea of limitation concludes with the following prayer: "Should the court find that the land to which the defendants are en-

titled is not as has been hereinbefore described, then they ask judgment for such 160 acres as may be right and proper under the law and the evidence, the same to include the said improvements."

Prior to the decision by the Supreme Court in the case of Giddings v. Fisher, 97 Texas, 184, it had been uniformly held by the appellate courts of this State that it was not necessary, in order to acquire title to 160 acres of land under article 3344 of the Revised Statute, that the occupant should show adverse possession and claim for ten years to a specifically defined 160 acres of the larger tract occupied by him, but that upon proof of his adverse occupancy of any substantial portion of the larger tract, claiming 160 acres thereof for ten years, he would be entitled to hold 160 acres to be designated by the court, and to include his improvements. This was the holding of this court in the case of Bering v. Ashley, 30 S. W., 838, and, as before said, was the construction uniformly placed upon the statute by the courts.

The decision in the cases of Giddings v. Fisher, *supra,* and Titel v. Garland, 99 Texas, 201, were understood by this court as holding that when one was in adverse possession of a large tract of land, with no deed or other muniment of title fixing the boundaries of his claim, he could not acquire title by limitation to any part of the land actually occupied by him without alleging and proving that he had been claiming a specifically described and defined 160 acres of the larger tract, including his improvements, for the length of time required by the statute. This was the rule announced in the case of Rice v. Coolsby, 45 Texas Civ. App., 254 (99 S. W., 1031); and probably in subsequent cases decided by this court.

In the recent case of Louisiana & Texas Lumber Co. v. Kennedy, 103 Texas, 297, the Supreme Court limits the application of the expressions used in the opinion in the case of Giddings v. Fisher to the facts of that case, and hold in effect that it is only in cases in which the occupant claims a specific 160 acres, that he is required to specifically describe by his pleading the 160 acres so claimed and to show by his proof that he has held adverse possession of the identical land so claimed by him for the length of time required by the statute.

In discussing the rights of the occupant Kennedy in the case cited Justice Brown says:

"By his actual possession Kennedy became entitled by limitation to 160 acres of the land, but the only designation of boundary of such claim by the law is that it must include his improvements. The method prescribed by the statute by which the possessor can fix and determine the limits of the land himself is (1) by a claim under a written instrument duly recorded, or (2) by enclosing a quantity exceeding 160 acres. We find no authority in the statute nor in the decisions of this State which would authorize the occupant of the land, after the completion of limitation, to arbitrarily survey and set apart for himself such portion of the land as he might choose. In the absence of any provision of the law for separating the land acquired by limitation from the body of the tract, the parties would be left to such methods as would apply to any other joint owners or tenants in common of a tract of land, which would be by mutual agreement or by the decision of some court having jurisdiction to determine the matter.

"Having acquired 160 acres in the tract of land, Kennedy became in effect a tenant in common with the owners of the remainder, and we think that he could not have acquired a greater right by limitation than he would have acquired if the owners had conveyed it to him, using the terms of the statute; that is, if they had made a deed to him, describing the land as '160 acres of the I. & G. N. R. R. survey No. 56, to be surveyed so as to include his improvements,' and disregard the rights of the other joint owners who had an interest to be guarded in that partition. We are of opinion that no such right existed in favor of Kennedy as against the owner, and that while he might have had a survey made and have based his suit upon it, it would not necessarily be the land to which he would be entitled. In order for him to recover upon such a survey it would be necessary that it should appear to be a proper allotment of the land in justice to both parties. The court might adopt such a survey under proof like that, but nothing of that kind appears in this case."

We think this opinion settles the right of a claimant under the ten years' statute of limitation who has been in actual possession of a portion of a large tract of land claiming 160 acres thereof, without any deed or other muniment of title fixing the boundaries of his claim, or without having such boundaries otherwise definitely fixed, to acquire title to an undivided 160 acres of such large tract, including his improvements, and have the same designated and set apart to him by the court If such occupant claims a specific 160 acres he must sufficiently describe same in his plea to identify it, and must prove his open and notorious adverse possession and claim for ten years of the identical land so described, or must show by pleading and proof that the setting apart to him of such specific 160 acres will not be an inequitable partition of the large tract between himself and his co-owner.

If such occupant fails to show that he has held adverse possession of the specific tract claimed by him for ten years, and also fails to show that it would be fair and just to his co-owner to have the specific 160 acres claimed by him set apart to him by the court, he would nevertheless be entitled, under proper pleading, to have the court designate and set apart to him such 160 acres as the equities and justice of the case require. If necessary, the court might appoint commissioners for this purpose, and if there was sufficient evidence to authorize it, a judgment could be rendered by the court without the aid of commissioners of partition, setting apart to the occupant such designated 160 acres as in the judgment of the court would be just and equitable.

The first judgment rendered by the court in this case was authorized by the pleading, and accurately described a tract of 160 acres on the survey in controversy, including appellee's improvements. The question as to whether the evidence was sufficient to justify the conclusion that it would not have been an inequitable partition of the land to have awarded appellees the specific tract described in said judgment is not before us, because the trial judge in the exercise of his discretion reformed said judgment, and in the judgment finally rendered failed to designate or describe the 160 acres of land adjudged to defendants.

The judgment as reformed by the trial court involves a finding that defendants were not entitled, under the pleadings and evidence, to recover the specific tract of land described in the original judgment. This issue not having been passed upon by the jury, and the evidence not being such as to require a finding in favor of defendants thereon, we can not say that the trial court erred in setting aside the original judgment in favor of the defendants for the specific 160 acres described in said judgment.

We have not deemed it necessary to discuss in detail the several assignments of error presented in the briefs. What we have said disposes of the material questions presented by the record.

None of appellant's assignments of error, other than those complaining of the insufficiency of the description of the land awarded defendants contained in the verdict and judgment, presents any error.

For the reason indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*