WICKIZER v. WILLIAMS.  (No. 5376.)

(Court of Civil Appeals of Texas.   Austin.
Feb. 25, 1915.)

1. ADVERSE POSSESSION &#9734;25—ELEMENTS—
POSSESSION BY TENANT.
The possession by a tenant is sufficient to
support a claim of adverse possession under the
10-year statute of limitations.
[Ed. Note.—For other cases, see Adverse Pos-
session, Cent. Dig. §§ 116–120; Dec. Dig. &#9734;
25.]

2. ADVERSE POSSESSION &#9734;46—ELEMENTS—
CONTINUOUS POSSESSION—INTERRUPTION—
INTENT.
Temporary vacancy of the premises, when
there was no intent to abandon them, will not
prevent the running of the 10-year statute of
limitations.
[Ed. Note.—For other cases, see Adverse Pos-
session, Cent. Dig. §§ 232–254; Dec. Dig. &#9734;
46.]

3. TRESPASS TO TRY TITLE &#9734;47—RELIEF—
APPORTIONMENT OF TRACT CLAIMED.
Where a petition in trespass to try title
claimed title by adverse possession to a spe-
cific 160 acres, including the plaintiff's improve-
ments, and asked recovery of that tract, but
also asked, if plaintiff be held not entitled to
the particular tract, that commissioners be ap-
pointed to apportion 160 acres to him, includ-
ing his improvements, out of the survey, and
the evidence showed possession and improve-
ments with a claim to 160 acres, but did not
show the boundaries of the particular tract,
nor that to give to plaintiff the tract claimed
in the petition would be a fair apportionment
between him and the owner of the balance of
the tract, it was proper for the court to appoint
commissioners to make the apportionment.
[Ed. Note.—For other cases, see Trespass to
Try Title, Cent. Dig. §§ 69–71; Dec. Dig.
&#9734;47.]

4. TRESPASS TO TRY TITLE &#9734;27—PARTIES—
INTEREST.
Where part of the land claimed by plain-
tiff by adverse possession had been conveyed to
his attorneys, those attorneys were not inter-
ested adversely to defendant, in trespass to try
title, to segregate the particular tract claimed
by the plaintiff from the entire tract, and were
not necessary parties to that action.
[Ed. Note.—For other cases, see Trespass to
Try Title, Cent. Dig. § 33; Dec. Dig. &#9734;27.]

On motion for rehearing.   Motion over-
ruled.
For original opinion, see 173 S. W. 288.

RICE, J. Appellant has filed a motion for
rehearing, assailing the judgment heretofore
rendered by this court herein for many rea-
sons, but chiefly on the following alleged
grounds: (1) That appellee's possession was
not continuous for a period of 10 years prior
to the institution of this suit; (2) that, ap-
pellee having made an acknowledgment of
tenancy prior to the running of the statute,
he was thereby prevented from setting up
title by limitation; (3) that there was a dis-
claimer on the part of appellee, for which
reason he was estopped from setting up
such title; (4) that the affidavit and acknowl-
edgment of tenancy made by appellee, Wil-
liams, operated as a release and relinquish-

ment of his claim to the land; (5) that the
pleadings and evidence did not authorize the
verdict and judgment rendered; and (6) that
the court erred in holding that Lewellyn and
Foster were not necessary parties to the
suit.

We have carefully reviewed the entire rec-
ord, together with the authorities cited by
appellant, and have reached the conclusion
that the motion for rehearing is not well
taken.  Without undertaking to detail the
evidence as to the continuity of appellee's
possession, we think the testimony shows
that he and his wife went into possession in
1896 or 1897 of the part of the survey sued
for, erecting a house and clearing a part of
the land, which they inclosed and put in
cultivation; that they raised crops upon the
premises during each year from that time un-
til this suit was filed, which was in Decem-
ber, 1912; that while they were absent from
the place during parts of the years 1898 and
1899, yet they had tenants upon it during
said period, who cultivated and made crops
thereon; that after 1899 the evidence on
the part of appellee shows that he and his
wife were continuously in possession from
that time until this suit was filed, adversely
claiming 160 acres thereof, including the
improvements.  It is true that in 1904 the
premises were occupied about two months
by some tie cutters with his consent; but,
within two weeks after they abandoned pos-
session, he, together with his wife, returned
to his home, where he continued to live, as
above stated.  This evidence of himself and
wife is corroborated by other testimony; and,
while there is a conflict in the evidence with
reference to these matters, still the jury have
seen fit to return a verdict in favor of ap-
pellee, and the trial court has declined to
disturb it.

[1, 2] The evidence, if credible, is sufficient
upon which to predicate a verdict in their
behalf under their plea of 10-year limitation.
The possession by a tenant is sufficient to
support the plea of limitation under the 10-
year statute.  See Carlock v. Williard, 149
S. W. 363.  And peaceable and adverse pos-
session of only a portion thereof, with claim
to 160 acres, gives title by limitation.  See
Fischer v. Giddings, 74 S. W. 86.  The acts
constituting adverse possession are not al-
ways susceptible of definition; each case
must depend upon its own facts.  See Dunn
v. Taylor, 107 S. W. 952.  Temporary vacan-
cy, when it is evident that there was no in-
tent to abandon the premises, will not pre-
vent the running of the statute; and the
proof in this case showed that there was no
such intention, the parties always claiming
it as their home.  See Collier v. Couts, 45 S.
W. 485.

The issue as to whether or no appellee had
made an acknowledgment of tenancy prior
to the expiration of the 10-year period of

limitation was clearly and distinctly submitted to the jury for their consideration, and their verdict determined that question adversely to appellant; and, there being ample evidence to support their conclusion in this respect, appellant has no just ground of complaint on this score.

It is not asserted that appellee had filed any disclaimer, but it is contended that his written acknowledgment of tenancy, made subsequent to the ripening of his title by limitation of 10 years, would have this effect. We think the authorities in this state amply support the conclusion of this court that a mere acknowledgment of tenancy after the title had ripened under the 10-year statute would not defeat appellee's title to the land. A written acknowledgment of tenancy is of no greater dignity than a verbal statement to that effect. Such statement, whether written or verbal, may be used as evidence on the question as to whether appellee's possession was adverse or not. See Barrett v. McKinney et al., 93 S. W. 240; Williams v. Rand, 9 Tex. Civ. App. 631, 30 S. W. 511; Williams v. City of Galveston, 58 S. W. 552; Bruce v. Washington, 80 Tex. 368, 15 S. W. 1104; Thayer v. Clark, 47 Tex. Civ. App. 61, 104 S. W. 196.

Nor does the affidavit in the present case, as contended by appellant, operate as a release to the land in question. It is a mere acknowledgment of tenancy, and the case of Davis v. Moye, 155 S. W. 962, does not support appellant's contention in this respect, because in that case Moye had released and relinquished all claim to the land by the instrument in question for a valuable consideration, and that suit was brought by him against Mrs. Davis, the record owner of the land, for the purpose of setting aside this release on the ground of fraud, which plea the court held was not sustained by the proof.

[3] It is true that in the amended petition, upon which appellee went to trial, he sought to recover a specific 160 acres described by metes and bounds, including his improvements; but it is also true that he prayed in the alternative that, should he be not entitled to recover and have awarded him said 160 acres so described, then that he have and recover of the defendant title and possession to 160 acres out of the Hunter survey, to be so segregated as to include his improvements, and asking, in such event, for the appointment of commissioners to partition same in accordance with such decree, requiring said commissioners to report their action to the court, and such commissioners were appointed. The evidence showed that plaintiff's improvements were situated on the northeastern part of the survey, but only showed that he claimed 160 acres of said land, including his improvements, without designating any specific portion. The verdict of the jury was:

"We, the jury, find in favor of plaintiff for the land in controversy upon his plea of limitation of ten years."

Upon which judgment was rendered in his favor for 160 acres out of the Hunter 640-acre tract, to be so surveyed as to include his improvements, which improvements are located on the northeast portion of said tracts, describing the Hunter survey by metes and bounds, and appointing commissioners to so apportion the land and report their action to the court. This proceeding followed the holding of the Supreme Court in Louisiana & Texas Lumber Co. v. Kennedy, 103 Tex. 297, 126 S. W. 1110, and other holdings of the Courts of Civil Appeals, made in accordance therewith. See Louisiana & Texas Lumber Co. v. Kennedy, 142 S. W. 990; Same v. Stewart, 130 S. W. 199; Ball v. Filba, 153 S. W. 685; Bering v. Ashley, 30 S. W. 838. In Louisiana & Texas Lumber Co. v. Stewart, supra, Mr. Justice Pleasants, in discussing the holding in Louisiana & Texas Lumber Co. v. Kennedy, 103 Tex. 297, 126 S. W. 1110, says:

"We think this opinion settles the right of a claimant under the 10-year statute of limitation who has been in actual possession of a portion of a large tract of land claiming 160 acres thereof, without any deed or other muniment of title fixing the boundaries of his claim or without having such boundaries otherwise definitely fixed, to acquire title to an undivided 160 acres of such large tract including his improvements, and have the same designated and set apart to him by the court. If such occupant claims a specific 160 acres, he must sufficiently describe same in his plea to identify it, and must prove his open and notorious adverse possession and claim for 10 years of the identical land so described, or must show by pleading and proof that the setting apart to him of such specific 160 acres will not be an inequitable partition of the large tract between himself and his co-owner. If such occupant fails to show that he has held adverse possession of the specific tract claimed by him for 10 years, and also fails to show that it would be fair and just to his co-owner to have the specific 160 acres claimed by him set apart to him by the court, he would nevertheless be entitled, under proper pleading, to have the court designate and set apart to him such 160 acres as the equities and justice of the case require. If necessary, the court might appoint commissioners for this purpose, and if there was sufficient evidence to authorize it a judgment could be rendered by the court, without the aid of commissioners of partition, setting apart to the occupant such designated 160 acres as in the judgment of the court would be just and equitable."

In the instant case, if the proof had designated what particular portion of the Hunter survey appellee claimed, including his improvements, and there had been evidence showing that it would have been fair and equitable to him to set aside to him said portion, then, under the first count of the petition, in view of the authorities above referred to, the court could have awarded said tract to him. Such was not the case, however. The proof failing to show that he had adverse possession of any specific portion of said tract, outside of his improvements, and also failing to show that to set aside any par-

ticular portion thereof would be just and fair to him, it therefore became necessary, under the pleadings, evidence, and verdict, to appoint commissioners to set apart 160 acres of said land to him, as was in fact done. The other cases cited by appellant (except Titel v. Garland, 99 Tex. 201, 206, 87 S. W. 1152, and Giddings v. Fischer, 97 Tex. 184, 77 S. W. 209) do not deny such right; but those two cases were not followed by Mr. Chief Justice Brown in his opinion in Louisiana & Texas Lumber Co. v. Kennedy, 103 Tex. 297, 126 S. W. 1110, on this point; but the holding in Giddings v. Fischer was therein limited to the facts of that case, and Titel v. Garland was indirectly overruled thereby, thus following the rule formerly existing in this state prior to the decision in Giddings v. Fischer and Titel v. Garland, supra.

[4] In addition to what was said in the original opinion with reference to the necessity of making Lewellyn and Foster parties, it may be added that this was not a suit to partition the 160-acre tract for which appellee brought suit, and in which Lewellyn and Foster had an interest, but was only for the purpose of segregating said 160 acres from the 640-acre tract, no part of which appellee claimed, except said 160 acres; hence they were not adversely interested to appellant.

Believing that the motion for rehearing should be overruled, it is so ordered.