PATTERSON et al. v. BRYANT et al.
(No. 106.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 16, 1916. Rehearing Denied Dec. 21, 1916.)

1. ADVERSE POSSESSION ⬦110(2)—STATUTE OF LIMITATIONS—PLEADING—COMPLAINT.

To authorize judgment for one claiming under the ten-year statute of limitations a part of a larger survey, the land recovered need not be specifically described in the pleadings by metes and bounds, but under appropriate pleadings the adverse claimants may recover an undivided part of a larger tract.

[Ed. Note.—For other cases, see Adverse Possession. Cent. Dig. §§ 638, 639, 642; Dec. Dig. ⬦110(2).]

2. ADVERSE POSSESSION ⬦114(2)—TEN-YEAR STATUTE OF LIMITATIONS—EVIDENCE.

To authorize judgment for one claiming under the ten-year statute of limitations a part of a larger survey, the evidence need not show possession and adverse claim to a specified tract.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 685, 686; Dec. Dig. ⬦114(2).]

3. TRESPASS TO TRY TITLE ⬦47(1)—JUDGMENT—DESCRIPTION OF LAND.

A judgment in trespass to try title for defendant claiming 160 acres of a larger survey under the ten-year statute of limitations should determine the boundaries of defendant's land by metes and bounds, either by the appointment of commissioners, or upon the evidence if sufficient.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 69; Dec. Dig. ⬦47(1).]

Appeal from District Court, Panola County; W. C. Buford, Judge.

Trespass to try title by W. W. Patterson and another, executors, against Charley Bryant and others. From a judgment, plaintiffs appeal. Affirmed and remanded.

J. G. Woolworth and R. W. Priest, both of Carthage, and C. M. Smithdeal, of Dallas, for appellants. W. G. Banks, of Carthage, for appellees.

CONLEY, C. J. This is a suit in trespass to try title, brought by appellants, William W. Patterson and Thomas W. Patterson, executors of the estate of John D. Patterson, deceased, against Mrs. G. A. Briggs, Charley Bryant, D. W. Maxwell, Alec Slocum, and Mrs. Effie McPherson, appellees, to recover 344 acres of land, a part of the Daniel Tuttle, Sr., survey situated in Panola county, Tex. Appellees answered by general demurrer, plea of not guilty, and pleaded the ten-year statute of limitation to the entire tract, claiming under muniment of title, and further pleaded, in the alternative, the statute of limitation of ten years to 160 acres of the land sued for, setting the same out by metes and bounds.

Appellants filed a supplemental petition, alleging that the appellee Mrs. Georgia Ann Briggs resided upon and claimed a tract of about 50 acres in the northeast corner of the original tract; that said 50 acres had been segregated, and the marks and lines of the same designated and determined; that her claim had never extended to the entire tract, and that her claim of limitation should, on that account, therefore, not extend beyond the metes and bounds of the said 50-acre tract which she had in actual possession, and further set out that the land sued for was no part of the land actually occupied by Mrs. Georgia Ann Briggs.

Upon the trial of the case, the defendants (appellees) were awarded an undivided interest of 110 acres of the land sued for, which, added to the 50 acres that she had in actual possession, made a tract of 160 acres. The judgment of the court further decreed that the 110 acres was to be surveyed so as to be contiguous to the said 50-acre tract, and so as to include the improvements placed thereon by the appellees.

While the evidence is conflicting upon many of the issues involved in this case, the record sustains the following conclusions:

That Daniel and Mary Tuttle came from the state of New York in February, 1836, and were granted a headright certificate for a league of land, which was subsequently located in Panola county; that Daniel Tuttle, joined by Mary Tuttle, transferred said headright certificate to Charles W. Jackson on June 20, 1838; that in the fall of 1838 Daniel Tuttle abandoned his family, and left the country; that Mary Tuttle claimed that she did not voluntarily sign the transfer of said certificate; that thereafter, on November 16, 1850, patent was issued to this land by the state of Texas to Charles W. Jackson, assignee of Daniel Tuttle; that on August 1, 1838, Charles W. Jackson gave a bond for title to William H. Cowling for 700 acres of land, and the appellants, by mesne conveyances, claim to be the owners of the legal title to the 344 acres of land in controversy, same being a part of said 700-acre tract.

On December 13, 1842, under a proceeding in the district court of Harrison county, commissioners were appointed to partition the estate of Daniel Tuttle, deceased, under which partition proceedings one-half of said league of land was set over to Mary Tuttle, the wife of said Daniel Tuttle, deceased. Georgia Ann Briggs, one of the appellees herein, married —— Coyle, who was a grandson of Mary Tuttle. They moved on the land in controversy in 1876, and, in accordance with the testimony of the appellee Georgia Ann Briggs, they were claiming the entire tract of land in controversy and took possession thereof as heirs of Mary Tuttle. The testimony further shows that in 1888 Mary Coyle, the mother of appellee's husband, gave them some kind of a deed to the entire tract. This witness claims also that, when they moved on the land she had it surveyed; that from that time on she resided upon the land continuously, claiming the same with her husband, until his death, in 1892. After the death of her husband, she married a man by the name of Briggs, and continued to reside on the land for a number of years. On January 12, 1911, under the advice of an attorney, she accepted from a son-in-law, who had no title to said land, a deed to said land, which deed was duly recorded in the deed records of Panola county. The evident object of this deed was to place of record evidence of her claim to the entire tract of land, and to aid her title by perfecting a claim under the five-year statute. With the exception of four or five years, the appellee Mrs. Georgia Ann Briggs has held continuous possession of the tract, with about 50 acres under fence, from 1876 up until the date of the filing of this suit, February 26, 1914. The court, after hearing the evidence, awarded the appellees but 160 acres under their plea of ten-year limitation,

the 50 acres being conceded by appellants as having been in the actual and adverse possession of appellees, and further awarded them the 110 acres adjoining said 50-acre tract and to be so surveyed as to include the improvements located thereon. The appellees do not make any complaint as to this judgment, nor do they cross-assign error for the failure of the court to award them the entire tract.

Appellants attack the judgment of the court under the first assignment of error as being contrary to the law and the evidence, in that appellee's actual possession and claim was confined to a specific tract, the lines of which were fixed and determined, and that the possession within such lines could not be constructively extended to other lands.

The question of the restricted nature of appellee's possession was a sharply disputed issue before the trial court, but the record shows there is ample evidence to support the judgment of the lower court against this contention. It would serve no good purpose to set out this evidence specifically, further than to say that the appellee Mrs. Coyle-Briggs testified that shortly after going on the land in controversy, in 1876, she had the entire tract surveyed, and has been claiming the same adversely, and exercising dominion thereover from that time up to the filing of this suit. There is also evidence to the effect that this same land was known and referred to in the neighborhood for many years as the "Coyle tract." This assignment is therefore overruled

The second, third, and fourth assignments of error assail the judgment of the court upon the grounds that the uncontradicted evidence shows that defendant was not claiming any part of said 110-acre tract until after January, 1911, when her son-in-law made a deed to her to said land. These assignments are based upon a misconception of the record. The evidence on the subject of the claim to the land by appellee Mrs. Coyle-Briggs is positive and emphatic. Appellants' evidence, of course, controverted her claims to the entire tract, but this only raised an issue, which, the trial court having decided against the appellants, we see no reason to disturb. For the reason herein stated, these assignments are overruled.

Appellants' fifth assignment of error is as follows:

"The court erred in rendering judgment for any of the land sued for herein, because the description as set out by the defendants does not describe any specific 160 acres of land, but there is contained in the boundaries of said description more than 160 acres of land, and there was no proof that any part of the land described by defendant had ever been segregated from the other land, or any lines run, or corners established to show what land the defendant claimed, and the proof fully showed that no lines around this land had been run and established."

The first proposition under this assignment is:

"To authorize the court to render judgment for the defendant under the statute of limitation of ten years, for any part of a larger survey, the land recovered must be specifically described."

Under this same assignment of error appellants submit a second proposition, as follows:

"To authorize a party to recover under the ten-year statute of limitation any other lands than those inclosed, it is necessary to show that the party was claiming certain specified lands, not in excess of 160 acres, which said land is defined by metes and bounds and marked lines and corners."

An examination of appellees' pleadings shows that Mrs. Coyle-Briggs first pleaded the ten-year statute of limitation to the entire tract of land in controversy, claiming the same under memorandum of title, and second, that she pleaded in the alternative that if she should be mistaken in her plea as to the entire tract, then she ought to recover 160 acres out of the Daniel Tuttle survey under the ten-year statute of limitation, setting out the same by metes and bounds, and which field notes so set out included the 50 acres about which there was no contention.

The judgment of the court awarded her the 50 acres claimed in her answer, and, in addition thereto, 110 acres out of the Tuttle league, to be so surveyed as to be adjoining and contiguous to said 50 acres, and to be so made as to include the improvements of appellee upon said 110 acres, making in all a 160-acre tract. The 110-acre tract is not described by metes and bounds. This judgment is, in effect, a finding that the appellees were not entitled, under the pleadings and the evidence, to the specific 160-acre tract of land described in their answer, but that they were entitled to 160 acres out of the Tuttle league, including the said 50 acres, the 110 acres to be an undivided interest and to be surveyed adjoining said 50 acres, so as to include the improvements on the 110 acres.

It appears from the record that after Daniel and Mary Tuttle had transferred the headright certificate to Chas. W. Jackson, that he sold 700 acres to William H. Cowling, describing the same by metes and bounds, and which 700-acre tract includes the land sued for. Subsequently, Cowling and wife sold said 700-acre tract of land to R. G. Cartwright, and the heirs of Cartwright then sold it to J. D. McCutcheon, and on January 5, 1897, J. D. McCutcheon sold the 344 acres in controversy out of said 700-acre tract, describing the same by metes and bounds, to J. D. Patterson, deceased.

[1, 2] Since the decision of Lumber Company v. Kennedy, 103 Tex. 297, 126 S. W. 1110, and the decision in the case of Louisiana & Texas Lumber Company v. Stewart, 61 Tex. Civ. App. 255, 130 S. W. 199, it is not necessary that the land recovered under the ten-year statute of limitation, when the same is a part of a larger survey, should be specifically described in the pleadings by metes and bounds, and possession and adverse claim to said specific tract shown by the evidence. Under appropriate pleadings, such adverse claimants may recover an undivided 160 acres in a larger tract. Giddings v. Fischer, 97 Tex. 184, 77 S. W. 209, Titel v. Garland, 85 S. W. 466, and Id., 99 Tex. 201, 87 S. W. 1152, and other cases relied upon by appellants to sustain their propositions under these assignments, have been modified so as to meet the doctrine announced in this case.

In the case of Louisiana & Texas Lumber Company v. Stewart, supra, the court said:

"We think this opinion (referring to the case of Lumber Company v. Kennedy [103 Tex. 297], 126 S. W. 1110) settles the right of a claimant under the ten-year statute of limitation who has been in actual possession of a portion of a large tract of land claiming 160 acres thereof, without any deed or other muniment of title fixing the boundaries of his claim or without having such boundaries otherwise definitely fixed, to acquire title to an undivided 160 acres of such large tract including his improvements, and have the same designated and set apart to him by the court. If such occupant claims a specific 160 acres, he must sufficiently describe same in his plea to identify it and must prove his open and notorious adverse possession and claim for ten years of the identical land so described, or must show by pleading and proof that the setting apart to him of such specific 160 acres will not be an inequitable partition of the large tract between himself and his co-owner. If such occupant fails to show that he has held adverse possession of the specific tract claimed by him for ten years, and also fails to show that it would be fair and just to his co-owner to have the specific 160 acres claimed by him set apart to him by the court, he would nevertheless be entitled, under proper pleading, to have the court designate and set apart to him such 160 acres as the equities and justice of the case require. If necessary, the court might appoint commissioners for this purpose, and if there was sufficient evidence to authorize it a judgment could be rendered by the court, without the aid of commissioners of partition, setting apart to the occupant such designated 160 acres as in the judgment of the court would be just and equitable."

This assignment of error is overruled.

Under the sixth assignment of error, it is contended that when the appellee pleads memorandum of title under the ten-year statute of limitation, and fails to prove any memorandum of title, it is error for the court to render judgment for the defendant for anything. A sufficient answer to this assignment and the proposition thereunder is to say that the pleadings of appellees included a plea of the statute of limitation of ten years, claiming under muniment of title, for the entire tract of land in controversy, and, in the alternative, for 160 acres only under said statute of limitation. There is no merit in this assignment, and it is overruled.

The seventh assignment of error is as follows:

"The court erred in rendering judgment, because the judgment of the court does not specify the land recovered by metes and bounds, and the judgment does not award the land sued for in and claimed in defendants' second amended original answer, which was described by metes

and bounds as having been the property claimed by the defendant Mrs. G. A. Briggs, but decreed that the defendant Mrs. G. A. Briggs recover 110 acres of land to be surveyed out of the 344-acre tract sued for herein, the same to be surveyed so as to be adjoining and contiguous to a certain tract of 50 acres of land upon which said defendant resides, and is to be surveyed so as to include the improvements of defendant upon said 110-acre tract of land, whereas the facts fail to show that defendant claimed the 110 acres, or that the same had been designated by marked lines, or that any taxes had been paid thereon by the defendant, and a total want of claim asserted to said land so awarded by said decree."

[3] There is only one portion of this assignment which we think is well taken; the balance of the assignment having been disposed of by what has been previously said. That portion of the assignment which attacks the judgment of the court as not specifying the land recovered by metes and bounds is well taken. The court should have determined the boundaries of the 110 acres, either by the appointment of commissioners, or, if the evidence was sufficient to authorize it, to make such determination without the aid of commissioners. In any event, the land awarded the appellee Mrs. Coyle-Briggs should have been set off to her by metes and bounds. In the present state of the record we are unable to fix and determine the metes and bounds of said 110 acres, and therefore it will be necessary to remand this case for further proceeding in that respect.

Judgment, therefore, will be entered affirming this cause as to the recovery of the land awarded appellee Mrs. Coyle-Briggs, but the case will be remanded to the trial court with instructions to fix and determine the metes and bounds of the 110-acre tract, and to partition the lands so as to have the 110-acre tract contiguous to and adjoining the 50-acre tract of appellees, the metes and bounds of said 110-acre tract to be so determined as to include the improvements thereon, and likewise made with a view to a just and equitable partition of the entire tract.

BROOKE, J., recused, not sitting.