### P. D. PARKER ET UX. v. WILLIAM CAMERON & COMPANY.

*Decided April 6, 1905.*

**1.—Pleading—Trespass to Try Title—Limitations.**

Where plaintiffs sued in trespass to try title for 160 acres out of a described 640 acre tract, and their petition was defective in not specifically describing the 160 acres, claimed by virtue of limitations and possession for ten years, but there was no special exception taken on that account, it was error for the court to sustain a general demurrer to plaintiffs' petition because of such defect, since the judgment could award to plaintiffs the 160 acres, with their improvements, to which they might be entitled. Giddings v. Fischer, 97 Texas, 184, distinguished.

Appeal from the District Court of Trinity. Tried below before Hon. J. M. Smither.

*Cook & Cook,* for appellants.

*Kenley & Stephenson,* for appellees.

GARRETT, CHIEF JUSTICE.—The plaintiffs, P. D. Parker and wife, brought this suit in trespass to try title to 160 acres out of a tract of 640 acres patented to the Houston & Texas Central Railway Company, situated in Trinity County, claimed by them under the ten years statute of limitation.

The defendant, William Cameron & Company, filed a general demurrer to the plaintiffs' second amended original petition, which was sustained by the court below, and the plaintiffs having declined to amend, judgment was rendered in favor of defendant and the cause finally dismissed.

The case is before this court upon the sufficiency of the petition to show the right of the plaintiffs to have 160 acres of said survey, to include their improvements, allowed to them under their plea of limitation. The plea is not to be commended for the clearness and certainty generally prescribed for the petition, but we think it sufficient on gen-

eral demurrer to show a cause of action, and, in the absence of special exceptions, the court should have heard the case upon its merits.

The plaintiffs allege that they constitute a family, and lived upon the land, and that they and their grantor have had possession thereof, holding the same in "adverse, actual, peaceable, continuous, notorious, distinct and hostile possession," to the amount of 160 acres, hereinafter described, occupying, cultivating, using and enjoying the same for more than ten years next before the filing of this suit. That the premises entered upon by the defendant are described as follows: "160 acres situated upon survey number 3, patented to the Houston & Texas Central Railway Company on the 25th day of July, 1870, patent number 214, volume 19, certificate number 25-1327; said survey consists of 640 acres of land situated about ten miles south 10 degrees west from the town of Groveton."

It was further averred that the defendant claimed the land through some unknown party, or as grantee of the Houston & Texas Central Railway Company; that the claim of the defendant to the 160 acres upon which plaintiffs lived is null and void, stale, and of no effect, but that the same was a cloud upon plaintiff's title. Plaintiffs prayed for restitution, and that they have judgment against the defendant for the restitution of the 160 acres of land described, and that all the rights which the defendant has, or claims to have, in and to said 160 acres be vested in plaintiffs, and that they be quieted in their title to same. Said 160 acres to be taken so as to include improvements of plaintiffs; and further, for their damages and costs of suit, and such other and further relief as they may be entitled to receive either in law of equity.

The petition shows that the plaintiffs were in possession of the entire tract, claiming only the 160 acres given by limitation under the statute to the person claiming under the ten years' possession in such manner as to give title. Plaintiffs say in the petition that they live upon the land, and are in hostile possession to the amount of 160 acres, and pray for judgment for that amount of the survey to be vested in them. It is true that they, in general terms, speak of 160 acres of the tract as the particular tract claimed by them, but, construing the entire petition, we are at no loss in inferring that plaintiffs are claiming it as the amount allowed to them under their claim of title through the ten years' statute of limitation, and that, rejecting the attempted description of the 160 acres as void for a want of sufficiency, it still appears that the plaintiffs claim an undefined part of the whole tract under the statute to the amount of 160 acres, to include their improvements, and their prayer for such further relief as they may be entitled to receive, either in law or equity, will entitle them to have it set apart to them by the court. The court below should have held the petition for trial upon the merits in the absence of special exceptions, and, upon proof of the facts alleged, should have adjudged the plaintiffs 160 acres of the land, to be set apart to them out of the whole tract so as to include their improvements. (Rev. Stats., art. 3344; Bering v. Ashley, 30 S. W. Rep., 838.)

The distinction to be made between this case and the case of Giddings v. Fischer (97 Texas, 184, 77 S. W. Rep., 209), is, that the party who asserted a title under limitation in that case undertook to describe,

by metes and bounds, a definite tract of land, and disclaimed as to the rest of the survey sued for, and the Supreme Court held, in the first place, that the description of the tract claimed was not sufficiently certain, and in the second place, that the evidence was of too unsatisfactory character to authorize this court to render judgment instead of remanding the case for another trial. In that case it appeared that Fischer did not set up any claim to any part of the land, or claim to hold it under limitation, except the 160 acres which he undertook to describe. It is sufficiently plain in this case that the claim was made by reason of plaintiffs' possession of the entire tract, and was only limited in amount by the statute; in other words, that they were in possession of the entire 640 acres, claiming as much as the law would allow them, which they asked should be set aside to them by the court so as to include their improvements. Plaintiffs were not required to sue for a specified 160 acres, and upon a showing that they were in possession of the 640-acre tract, claiming under the ten years' statute, they were entitled to recover 160 acres, to be designated by the court so as to include their improvements. We think the case of Bering v. Ashley is conclusive of this, and that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*