AUGUST TITEL V. SHERMAN GARLAND.

No. 1441.   Decided June 22, 1905.

**1.—Title by Limitation—Possession of Land.**

Where plaintiff, having settled upon a section of land, inclosed, by mistake· as to its boundaries, twelve acres of an adjoining section of 640 acres owned by another, and afterwards, ascertaining the true boundary, held possession of such twelve acres for ten years with the inward intention, not evidenced by any other possession or assertion of authority, of claiming title thereby to an undefined 160 acres out of the section of such adjoining proprietor, such possession was not sufficient to support his claim of title under the ten years' statute of limitation beyond the limits of his actual inclosure. Bracken v. Jones, 63 Texas, 184. (Pp. 206, 207.)

**2.—Same—Possession Extending Over Distinct Surveys—Election of Claim.**

The judgment of the Court of Civil Appeals herein is affirmed on the ground of the insufficiency of plaintiff's acts of possession to maintain his claim of limitation, without passing on the correctness of their holding that

the plaintiff, whose enclosure extended over the boundary lines between him—self and two adjoining proprietors, had given direction to his claim to hold 160 acres under the ten years statute of limitation by such enclosure and possession, by asserting, though unsuccessfully, claim to such amount in answer to a suit by one of such proprietors, which precluded him from claim—ing a like amount by limitation against the other.    (P. 207.)

Error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

Titel sued Garland for the recovery of land and appealed from a judgment for defendant.

*Fisher, Sears & Sherwood* and *C. L. Bradley,* for plaintiff in error. —Peaceable and adverse possession for ten years of a tract of land containing more than 160 acres, under no recorded written muniment of title fixing boundaries, with improvements inclosing less than 160 acres entitles such possessor to 160 acres of land to be taken out of such larger tract so as to include his improvements. McCarty v. Johnson, 20 Texas Civ. App., 184, reviews all cases; Charle v. Saffold, 13 Texas, 111; Craig v. Cartwright, 65 Texas, 423; Word v. Drouthett, 44 Texas, 369; Pearson v. Boyd, 62 Texas, 541; Mooring v. Campbell, 47 Texas, 37.

Under the statute giving title to one who has adverse possession of land for ten years, his possession is adverse to the true owner, though it is under the erroneous belief that it is vacant land, but with the intention of acquiring title from the state under the preemption law. Price v. Earldley, 77 S. W., 416.

The rule that "while the true owner is chargeable with knowledge of the boundaries of his land, he can not be affected with notice that an adjoining proprietor has encroached by his fence a *few feet* over the line for the purpose of acquiring 640 acres of his land under the ten years statute" can have no application in a case where the possession consists of a 12 acre lot 550 feet by 950 feet. McCarty v. Johnson, 20 Texas Civ. App., 184; Bracken v. Jones, 63 Texas, 184; Snow v. Starr, 75 Texas, 418; Simpson v. Johnson, 92 Texas, 160.

There is absolutely no evidence that August Titel claimed 160 acres in sec. 23 by virtue of the same possession and enclosure as that held and maintained by him on sec. 21; and if there had been such evidence, it would have been too slight to establish a claim of 160 acres in sec. 23, and would in no manner prevent him from asserting his valid claim to 160 acres in sec. 21. Bracken v. Jones, 63 Texas, 184.

[From argument in support of a motion for rehearing which was over-ruled.]—As we understand this court's decision, it is in effect that Titel had no claim because his pleading did not describe the identical 160 acres, nor the proof show what identical 160 acres he was claiming. It is beyond question that Titel was in actual possession of twelve acres in

section twenty-one for more than ten years. It is also shown by the evidence that he used this twelve acres in various ways. Fifteen years before the trial the discovery being made that the south fence of section twenty-two was too far south, Titel left the fences on section twenty-one, but ran a fence on the south line of twenty-two, thus making a complete enclosure on section twenty-one. That the evidence was sufficient to authorize a judgment for Titel for the 160 acres is found by the Court of Civil Appeals. As we understand, Your Honors hold that while he was in actual possession of a part of section twenty-one as he did not claim his specific 160 acres, nor specifically describe 160 acres in his pleading, that he can not recover. We respectfully submit that the ruling in this case is not in accordance with previous decisions of this court, as is shown by the following authorities. Natwel·v. Raymond, 59 S. W. Rep., 311; Simpson v. Johnson, 92 Texas Rep., 160; Johnson v. Simpson, 54 S. W. Rep., 308; Porter v. Miller, 76 Texas, 597; Craig v. Cartwright, 65 Texas, 423; Word v. Drouthett, 44 Texas, 369; Pearson v. Boyd, 62 Texas, 541; Smith v. Garza, 15 Texas, 150; Moody v. Holcomb, 26 Texas, 714; Melton v. Turner, 38 Texas, 81; Mooring v. Campbell, 47 Texas, 37; Parker v. Cameron, 86 S. W. Rep., 648; McCarty v. Johnson, 20 Texas Civ. App., 184; Bering v. Ashley, 30 S. W. Rep., 838.

*Hamblen, Scott & Hamblen,* for appellee.—"In order to acquire title by the ten years' limitation the party must have an actual and visible appropriation of the land commenced and continued under a claim of right inconsistent with and hostile to the claim of another." Or, as stated by Judge Willie, in Bracken v. Jones, 63 Texas, "it must be fair and open, actual, continuous, visible, notorious, distinct and hostile," and there was no evidence in this case showing that Titel had such adverse possession of the land claimed by him in his petition. Rev. Stat., art. 3349; Bracken v. Jones, 63 Texas, 186; Tucker v. Smith, 68 Texas, 482; Carley v. Parton, 75 Texas, 102; Evans v. Foster, 79 Texas, 51; Mhoon v. Cain, 77 Texas, 318; Blum v. Rogers, 11 Texas Civ. App., 185.

The appellant, August Titel, having claimed 160 acres of section 23 by limitation in the suit filed by Stafford Smith against him by virtue of the same enclosure and possession, in which he seeks to claim 160 acres from the appellee, is estopped by the claim so made in the suit by Smith, as he can not acquire by virtue of the same possession and occupancy title by limitation to 160 acres out of two adjoining sections. Snow v. Star, 75 Texas, 419.

Plaintiff in error, being limited by the facts of the case to 160 acres under the limitation statute by which he claims and having founded his claim of limitation title to 160 acres of section 23 upon a certain possession, will not be heard to claim title by limitation to 160 acres of section 21 by virtue of that same possession.

Plaintiff in error, having used a certain possession as a basis for acquiring by limitation in section 23 the full number of acres allowed him by law, thereby giving scope and direction to the purpose of such possession, and having exhausted the use of that possession for limita-

tion purposes, is debarred from claiming the 160 acres in controversy by virtue of that same possession.

Plaintiff in error, having a certain possession which was otherwise applicable for purpose of limitation to either one of two adjoining sections and being limited by law to 160 acres based on such possession, and having disclosed his mental attitude and purpose with reference to such possession by founding thereon his claim of limitation title to 160 acres of section 23, thereby giving direction to his use and intention of such possession, is debarred from claiming the 160 acres in controversy by limitation based on that possession, as that possession was exhausted for limitation purposes by his electing to use and intend same as an essential for acquiring in section 23 the full number of acres allowing him by limitation law by virtue of such possession.

The judgment in defendant in error's favor ought to be affirmed because there is no evidence sufficient to sustain the legal conclusion of the Court of Civil Appeals that plaintiff in error would be entitled to judgment for the land in controversy but for his claim of other land by virtue of the same possession, as stated in that court's opinion, as the only evidence, as shown by the opinion, to sustain plaintiff in error's claim of limitation to the land in controversy was that he fenced a small part of the land by mistake, thinking it was his own, and several years thereafter, upon ascertaining that it was a part of the land in controversy, claimed the entire section by limitation, without any further act disclosing that intention so to claim the land.

The judgment aforesaid ought to be affirmed because plaintiff in error's testimony that he claimed the land in controversy by virtue of the enclosure of a small part thereof can not prevail against his solemn acts and sworn declarations in claiming other adjoining sections by limitation based on the same enclosure, as hereinbefore shown, there being, therefore, no evidence to sustain the Court of Civil Appeals' aforesaid conclusion of law.

In order to acquire title by ten years' limitation, the party must have "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." "Possession, to be of any value to vest a right or bar a remedy, must be actual, continued, visible, notorious, distinct and hostile. It must be fair and open, as the statute was not made to serve the purpose of artifice or trick." "And it must be of such a character as to indicate unmistakably an assertion of a claim of exclusive ownership in the occupant." Therefore, plaintiff in error's mere claim, based on a fence enclosure upon the land in controversy, put there by mistake and not discovered until several years afterwards, does not meet the requirements of law declared by the authorities, and there is no evidence to sustain the aforesaid conclusion of law of the Court of Civil Appeals. Bracken v. Jones, 63 Texas, 184; Carley v. Parton, 75 Texas, 102; Snow v. Starr, 75 Texas, 419; Evans v. Foster, 79 Texas, 51; Mhoon v. Cain, 77 Texas, 318; Tucker v. Smith, 68 Texas, 482.

GAINES, CHIEF JUSTICE.—The following is the statement of this case as made by the Court of Civil Appeals:

"This is an action of trespass to try title brought by August Titel against Sherman Garland to recover 160 acres of land. The claim of title set up by plaintiff was limitation of ten years.

"Defendant answered by plea of not guilty and specially pleaded that plaintiff had under the same possession on which he rests his plea in this case asserted a claim by ten years' limitation to 160 acres of the 1-4 section immediately adjoining the land in controversy, for which reason his claim in this case ought not to be heard.

"A trial before the court without a jury resulted in a judgment for defendant and plaintiff has appealed.

"The record justifies the following fact conclusions: About eighteen years ago plaintiff settled on section 22 of block 2, W. C. R. R. Co., survey in Harris County, Texas, with the intention of purchasing same from the state. The land and its adjoining sections were open prairie land with unmarked lines and corners. Immediately south of section 22 lay quarter sections 21 and 23, thus:

"Plaintiff proceeded to place improvements on section 22. In ignorance of true location of the south line of section 22 he placed his south fence too far south taking in about 12 acres of quarter section 21 and 1 1-2 acres of quarter section 23 in the same enclosure as indicated by the above diagram. About fifteen years prior to the trial plaintiff had a surveyor named Gillespie to make a survey of section 22 for the purpose of locating its south line. This survey disclosed that his south fence included 12 acres of section 21 and 1 1-2 acres of section 23 as above indicated. The trial court found that he thereupon claimed the entire quarter section 21 under this enclosure of a part and the finding is not assailed by appellee. Defendant owns quarter section 21 but has had no possession of any part of it.

"In 1894 Titel again had a survey made of section 22 to ascertain if Gillespie's survey was correct and it was in all things verified. For the same purpose he had the land resurveyed about eleven months before the trial, with the same result. It was agreed that if plaintiff was not entitled to the 160 acres he should not have judgment for the part actually enclosed.

"The findings of the trial court do not cover the point, but we hold that the evidence is sufficient to authorize a judgment for Titel for the 160 acres in controversy unless he is debarred from asserting the claim because of his assertion of a like claim in the suit of Stafford Smith v. Titel.

"The facts upon this point are as follows: Stafford Smith was the owner of quarter section 23. The same enclosure, under which appellant now claims quarter section 21 under the ten years statute, also included about 1 1-2 acres of quarter section 23 and possession thereof had been maintained for about fifteen years and more than ten years prior to the institution of the suit of Smith v. Titel.

"In that case Titel pleaded that he had adverse possession of a part of the quarter section, cultivating, using and enjoying the same, claiming 160 acres thereof for more than ten years prior to the institution of the suit. The claim was not allowed and Smith recovered. Titel filed a motion for rehearing in that cause signed and sworn to by himself in which the claim was reiterated. It appears without dispute that the basis of his claim was the 1 1-2 acres included in the enclosure which is made the basis of his claim in this suit. It is true that he had established on No. 23 an additional enclosure of about 23 acres, but it was undisputed that it had been in existence only three or four years, when the Smith suit was brought.

The foregoing statement is as we think accurate save in one particular. It leaves the inference that the defendant, Garland, was the owner of only the quarter of section 21 upon which the plaintiff's enclosure extended. That this is not correct is shown by the fact that the plaintiff in his petition does not sue for any specific tract of 160 acres, but sues for an undivided interest of 160 acres out of a tract of 640 acres—clearly section 21—and alleges that the defendant owns the other undivided interest of 480 acres in the section.

The plaintiff's own testimony shows, that he enclosed the 12 acres on section 21, under the mistaken belief that it was a part of section 22, which he had bought from the state. About 1889 he had a survey made by one Gillespie, who reported that his enclosure extended too far south and encroached upon section 21. He further testified: "When Mr. Gillespie made this survey fifteen years ago and I found this enclosure on 21 was no part of 22, I let the fence stand and claimed the land; I claimed in that land a hundred and sixty acres." This is the only testimony we have found as to the nature and extent of his claim. It is clear that up to this time he claimed no land except such as he thought was embraced in section 22. His claim, so far as the evidence discloses, was a mere mental process, known only to himself. There were no "external circumstances discovering that inward intention." It would seem that when one purposes to hold the land of another, which he has neither occupied nor enclosed, by virtue of the statute of limitations, it should appear that he has exercised some acts of ownership over some definite part thereof calculated to apprise the owner that he is asserting "a claim of right" thereto, and the extent of that claim. When in this case the plaintiff discovered that his enclosure extended over upon section 21, there was no change whatever in his conduct. There was nothing but an intention to claim "in that land 160 acres." What 160 acres, he does not say. So undefined was the limits of the part claimed that the able counsel, who brought this suit, did not attempt to define its extent, but sued for an undivided 160 acres of the 640 acre tract. This it seems to us, is to construe the statute as if it was intended to punish the owner of land for permitting

a continuous trespass of ten years upon a part of it by depriving him of at least 160 acres of his holding. We are of opinion, that a suit of this character can not be maintained. The claimant under the statute of limitation should be able to say not only that "I claimed 160 acres out of that land"—but also that he claimed some specific tract of land either more or less than 160 acres.

We think the case is controlled by the principles announced in Bracken v. Jones (63 Texas, 184), and that under the pleadings and evidence no proper judgment could have been rendered, except one for the defendant.

It is true that the Court of Civil Appeals found that the plaintiff would have had title under the statute of limitation of ten years, but for the fact, that in the Smith suit he claimed 160 acres of section 23 by virtue of the same possession. But the evidence upon the controlling points being undisputed, we think as a matter of law, the defendant was entitled to a judgment.

Whether the Court of Civil Appeals were correct as to the effect of the claim made in the Smith case, we need not decide.

We conclude that the judgments of the Court of Civil Appeals and of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*