### WM. M. RICE ET AL., EXECUTORS, v. ANDY GOOLSBEE.

Decided February 8, 1907.

**Limitation—Ten Years—Possession Defined.**

Under the ten years' statute of limitation in this State one can not enter upon a survey exceeding in extent 160 acres and by actual possession for ten years of a small part thereof and the maintained assertion of a general and indefinite claim to 160 acres thereof, including his improvements, become entitled either to select 160 acres out of the larger survey or have the court at the end of the limitation period select it for him. The claim must be to a definite tract.

Appeal from the District Court of Tyler County. Tried below before Hon. W. B. Powell.

*Parker & Hefner,* for appellants.—"Possession, to be of any value to vest a right or bar a remedy, must be actual, continued, visible, notorious, distinct and hostile. It must be fair and open as 'the statute was not made to serve the purpose of artifice and trick.'" (Bracken v. Jones, 63 Texas, 186.)

Possession is not adverse, actual, open, visible, notorious, distinct and hostile, within the meaning of the statute, as to land outside of the actual occupancy of a naked trespasser when such possession is merely a slight overlapping or encroachment over the boundary of a neighboring owner. Arts. 3343, 3344, Revised Statutes of Texas, 1895; Titel v. Garland, 13 Texas Ct. Rep., 335; Bracken v. Jones, 63 Texas, 184; McAdams v. Moody et al., 50 S. W. Rep., 629.

*Porter T. Smith* and *Joe W. Thomas,* for appellee.—Andy Goolsbee and those under whom he held claim and title, had continuous, peaceable and adverse possession of the 160 acres involved in this suit (and not interrupted by adverse suit), using and enjoying the same, by actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of defendants and all others, such holding being at all times sufficient to put defendants and all others upon notice of said adverse claim. Such holding and claim of appellee being for more than ten years before the commencement of this suit and before the defendants cause of action ac-

crued, that is the said claim and adverse holding, etc., of Andy Goolsbee and T. E. Goolsbee and wife, covered a period commencing in 1879 and continuing down to the present, which gives Andy Goolsbee as perfect title as a patent from the State. Sayles Rev. Stats. of Texas, arts. 3343, 3344, 3348, 3349, 3350; Bridges v. Johnson, 69 Texas, 714; Bracken v. Jones, 63 Texas, 184; Mooring v. Campbell, 47 Texas, 37; Evans v. Foster, 79 Texas, 51.

GILL, CHIEF JUSTICE.—This suit was brought by Andy Goolsbee in the form of trespass to try title to recover of W. M. Rice's executor and his codefendants 160 acres of land out of the northeast corner of I. & G. N. R. R. survey No. 2 in Tyler County. The land sued for was described in plaintiff's pleadings by metes and bounds, and he further set up specially title by naked possession and adverse claim under the ten years statute of limitations. The defendants pleaded general denial and title in themselves. A trial to the court without a jury resulted in a judgment for the plaintiff for the 160 acres sued for and defendants have appealed.

The facts are as follows: The defendants have title to the 640 acre I. & G. N. R. R. survey, of which the 160 acres sued for is a part, unless it has been divested by the adverse possession of plaintiff. Upon this issue the record shows that the wife of T. E. Goolsbee inherited a part of the Addison Sapp survey, which lies immediately east of the land in dispute. In 1879 T. E. Goolsbee constructed a dwelling on the I. & G. N. R. R. survey No. 2, dug a well, planted an orchard and built outhouses and has occupied it ever since in uninterrupted possession with the purpose of acquiring it by limitation. This suit was brought in 1904.

His dwelling was built so near the line of his wife's land which adjoined the 640 acre survey on the east that the 8 foot porch was on his wife's land. Improvements added shortly thereafter also extended on to his wife's land. The fence enclosing his improvements took in a little less than two acres of the land in controversy. The land on the Railroad survey north, west and south of him has remained an unbroken forest. To the east of his house and on the Sapp survey he opened a field of 20 acres which he has continually cultivated and he opened and cultivated other land further to the east on the Sampson survey, a part of which also belonged to his wife. He never at any time made any further encroachment on the Railroad survey. He built his house thereon at the suggestion of a surveyor who run out his wife's land, the surveyor having then told him that the owners of the Railroad survey were unknown and perhaps might never turn up. Goolsbee claimed so much of the Railroad survey as the "law would allow" until he had a survey made of 160 acres in the form of a square out of the northeast corner of the Railroad survey. It does not appear that prior to that time he had ever asserted a claim either to a specific number of acres or to any specific part of the 640 acre tract, contenting himself up to that time with the general claim above set out.

A short time prior to the institution of this suit T. E. Goolsbee conveyed the land sued for to his son, Andy Goolsbee, by deed duly executed.

The date of the survey of the 160 acres in the form of a square out of the northeast corner of the Railroad survey was not shown, nor was it shown generally that the date of that survey preceded by ten years the institution of this suit. Nor was it shown that prior to the survey Goolsbee claimed that his small actual possession entitled him to any specific part of the large survey outside his enclosures.

Appellants make the point that the evidence is insufficient to sustain the finding that plaintiff was entitled to recover by constructive possession any land outside his actual enclosure, and we think the point is well taken.

It seems now to be settled in this State that one claiming under the ten year statute by naked possession can not extend that possession by construction unless he has maintained an open claim to the entire well defined larger survey of which his actual possession or enclosure forms a part or else has maintained a claim to a distinct and defined tract less than the entire survey. In other words, one can not enter upon a survey exceeding in extent 160 acres and by actual possession of a small part thereof and the maintained assertion of a general and indefinite claim to 160 acres thereof, including his improvements, for ten years, become entitled either to select 160 acres out of the larger survey or have the court at the end of the limitation period to select it for him. We understand this to be the doctrine distinctly announced in Giddings v. Fischer, 97 Texas, 184, and Titel v. Garland, 13 Texas Ct. Rep., 335.

Under this rule the facts do not support the judgment. We do not comment upon the facts insofar as the question of mere encroachment is concerned, but leave that to be determined upon another trial untrammelled by our views.

For the reason given the judgment is reversed and the cause remanded.

*Reversed and remanded.*