## T. R. SMITH v. SIMPSON BANK ET AL.

Decided October 28, 1908.

**1.—Limitation—Ten Years Statute—Boundaries.**

Where title to 160 acres of land is asserted under the ten years statute of limitation, the boundaries of the tract claimed must in some way be definitely established, and the claim to such boundaries must subsist for the full term of ten years.

**2.—Same—Occupancy.**

The law entitles an adverse occupant of land to the ground actually occupied by his improvements, etc., and enough more to make 160 acres. His occupancy may be by enclosure or other actual uses, or merely by a public and notorious assertion of claim to certain boundaries constituting 160 acres, but he can not arbitrarily establish the boundaries at the time of the trial.

**3.—Same—Boundaries—Question for Jury.**

In a suit of trespass to try title wherein the defendant claimed title to a certain 160 acres of land under the ten years statute of limitation, evidence considered, and held to raise a question of fact which should have been submitted to the jury as to whether or not he was entitled under said statute to the particular 160 acres claimed by him.

Appeal from the District Court of Sabine County. Tried below before Hon. W. B. Powell.

*John Hamman, John B. Warren, Tom C. Davis* and *Hamilton & Minton,* for appellant.

No brief for appellees.

JAMES, CHIEF JUSTICE.—This action of trespass to try title was by the Simpson Bank and others against Henry Smith and T. R. Smith, the judgment being in favor of Henry Smith for a tract claimed by him, but against T. R. Smith for the tract claimed by him. The appeal is by T. R. Smith, he having set up title by limitations to 160 acres of the land sued for, describing a certain tract of that size by metes and bounds. The court instructed the jury to return a verdict against him, and he

claims here that the evidence at least entitled him to a submission of his plea to the jury, and, in fact, is such as to entitle him to a judgment in this court for the 160 acres as described in his plea.

The evidence is to this effect: That about 1886 W. T. Pulliam, who had a tax title to the Henry Canfield survey, gave his son-in-law, Love, 160 acres of the tract, including his dwelling house, etc., and 35 or 40 acres of fenced and cultivated land. Love went into possession, occupying the improvements with his family, and cultivated the land from 1887 continuously until he sold and turned over the place to defendant T. R. Smith early in 1900. Then Smith moved there, and occupied it until this suit was brought in August, 1903. Both Love and Smith at all times claimed 160 acres, and this claim was open and understood in the neighborhood.

There can be no question from the evidence that there had been such character of occupation by Love and Smith consecutively, and for such length of time as, under the ten years statute, entitled this defendant to 160 acres of land embracing the improvements. The only question which arises is whether or not the evidence is such as to authorize the adjudication to Smith of the 160 acres of the survey as he described it in his answer.

It is contended that the limits of the 160-acre parcel were indicated on the ground by the timber which Love had cut and sold from the land for staves, this being claimed to be an act which visibly defined the extent and shape of his claim. But we find that the testimony shows that Love had not been cutting this timber until from about three years before he sold to Smith, consequently this means of proclaiming the lines to which Love was claiming had not subsisted for ten years. This cutting of timber in this manner, and a survey of the land by Love when he sold to Smith in 1900, which survey was as the 160 acres are described in the answer, the pointing out by Love at that time of the same as the boundaries of his claim, are substantially all there is to establish those lines as the boundary of the 160 acres.

The law, as we understand it, entitled the defendant to the ground actually occupied by improvements, etc., and enough more to make 160 acres. If his actual occupancy is of 160 acres by enclosure or other actual uses, or if merely by a public and notorious assertion of claim to certain boundaries constituting 160 acres, the decisions entitle him to claim the particular 160 acres. Giddings v. Fischer, 97 Texas, 188; Davis v. Receivers of Houston Oil Co., 50 Texas Civ. App., 597, and cases cited.

But here there was nothing indicating an assertion of claim to the 160 acres set up, except what is above stated, which, while they might have been sufficient, had not subsisted for the length of time necessary. Defendant certainly has not the right, when his claim as to boundaries has thus been indefinite, to select the land at the trial.

We think that while appellant has not shown himself entitled as of right to claim the boundaries of the 160 acres to be as he described them, his right, nevertheless, exists to have 160 acres of land set apart to him, to include the improvements, as was held in Bering v. Ashley, 30 S. W., 838, and it was error to direct a verdict against him.

*Reversed and remanded.*