**DURHAM et al. v. HOUSTON OIL CO. OF TEXAS.** (No. 151–3110.)

(Commission of Appeals of Texas, Section B. May 26, 1920.)

1. **Injunction** ⊂═⊃35(2) — **Party having prior possession under deed may enjoin naked trespasses.**

One having actual prior possession of land under a deed fully descriptive thereof, under which it claimed title, was entitled to recover against naked trespassers in a suit for injunction to prevent trespasses and the cutting of timber.

2. **Adverse possession** ⊂═⊃98 — **Possession of improvements on league of land held not to extend beyond improvements.**

One taking possession of a league of land of which 15½ acres were improved, and claiming an indefinite 640 acres not designated, but not exercising any control over, or adverse possession of, any part of the league other than that covered by the actual improvements, acquired no title by limitation to any part of the league outside of the improved land.

3. **Adverse possession** ⊂═⊃112 — **Presumption not indulged in support of party having burden.**

Where the burden rests upon one asserting limitation, a presumption supporting the claim should not be indulged, especially when the evidence will not more certainly support a presumption in consonance with the right than in derogation thereof.

4. **Adverse possession** ⊂═⊃85(3)—**Evidence of taking possession under some sort of trade will not warrant finding of adverse possession.**

Evidence that K. took possession of land owned by S. under some sort of a trade, the character of which is not shown, does not warrant the jury in finding that the possession

was taken under such circumstances as to set in motion the bar of limitations, especially where K. subsequently abandoned any character of occupancy for more than half a century.

**5. Adverse possession ⊂⊃85(1) — Absence of party under whom another took possession and failure to claim raises no presumption of adverse holding.**

Where K.'s possession of land owned by S. was under some sort of a trade with S., S.'s absence and failure to assert his right in opposition to K. raised no presumption of K.'s adverse right.

**6. Evidence ⊂⊃219(1) — Absence of vendor may be considered in proper case as evidence.**

Where K. took possession of S.'s land under some sort of a trade, the absence of S., who asserted no right in opposition to K., might be considered, in a proper case, by the jury as tending to show payment of the purchase money.

**7. Adverse possession ⊂⊃60(4)—Possession by consent remains such until repudiation brought home to owner.**

Where possession of land is taken with the consent of the owner, the possession is the owner's possession until repudiation is brought home to him.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by the Houston Oil Company of Texas against Ralph Durham and others. A judgment for plaintiff was affirmed by the Court of Civil Appeals (193 S. W. 211), and the defendants and certain interveners bring error. Affirmed.

C. W. Howth, W. R. Blain, R. L. Durham, and E. E. Easterling, all of Beaumont, for plaintiffs in error.

Parker & Kennerly, of Houston, for defendant in error.

SADLER, P. J. This suit was instituted May 18, 1914, by the Houston Oil Company of Texas against Ralph Durham, C. F. Howth, W. S. Bruce, and L. G. Roberts, for an injunction to prevent the defendants from trespassing upon the A. W. Smith league of land in Hardin county, and to prohibit them from cutting or removing timber therefrom, or from procuring or conspiring with others to do so.

On September 3, 1914, Mary Stockholm et al., as heirs of George Keith, intervened, setting up title in themselves to an undefined 640 acres of the league, and alleging that as such owners they placed the original defendants in possession. They made Manor Hanks, S. C. Hanks, J. S. Rice, and Hezekiah Rice defendants, but later dismissed as to them. These interveners disclaimed all title to the league against the Houston Oil Company, except the undivided 640 acres which they claimed under the 10-year statute of limitation. The petition contains no description of the 640 acres, further than that it should be so surveyed as to include the improvements.

On June 29, 1915, George Womack and others intervened, claiming the same 640 acres under George Keith. They later dismissed their plea of intervention.

August 2, 1915, the original defendants and the interveners Mary Stockholm et al. filed their first amended answer and plea of intervention. After numerous exceptions, they specially alleged that the original defendants were in possession of the land as tenants and cotenants of such interveners, and pleaded the title in themselves to 640 acres of the league, to be so taken as to include the improvements of George Keith made on 15½ acres. They described the latter tract by metes and bounds as inclusive of the improvements. They pleaded not guilty and general denial. They prayed for a recovery of the 640 acres out of the league, and that the court have same surveyed so as to include the land on which the improvements were alleged to have been situated.

August 2, 1915, the oil company filed its supplemental petition and answer to the cross-action by these parties, wherein they set up the 5 and 10 year statutes in bar. The 10-year statute was asserted under recorded memorandum describing the whole league. The cause went to trial between the oil company on one part and the original defendants and first interveners on the other. After hearing the evidence, the court gave a peremptory instruction for the oil company, and upon verdict returned in its favor judgment was accordingly rendered. The losing parties appealed, and the judgment of the trial court was affirmed. 193 S. W. 211.

As the statement of the evidence given in the opinion by the Court of Civil Appeals is sufficient to an understanding of the questions discussed, we deem it unnecessary to restate it, further than attention may be called to it in the opinion.

The propositions which are presented by the plaintiffs in error are: First, that it was error to peremptorily charge for the oil company, because the evidence wholly failed to show title by limitation in the company as to the 640 acres claimed by plaintiffs in error; second, that there was error in not submitting to the jury the issue of title in the petitioners under the 10-year statute as to 640 acres of the survey, because the facts showed that this ancestor had perfected title to 640 acres prior to 1860, and the evidence wholly failed to show an invasion of petitioners' possession in support of limitation title in the oil company to any part of the 640 acres; and, third, that under any view of the record,

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

they showed title by limitation against the oil company as to the 15½ acres.

## Opinion.

A statement of the respective positions of the parties and their rights furnishes a complete answer to the propositions urged in support of the errors assigned.

[1] By the pleading and facts adduced, the Houston Oil Company was shown to have had the actual prior possession of the whole league under a deed fully descriptive thereof, under which it claimed title to the land. The plaintiffs in error subsequently invaded that possession without apparent claim. Under this state of facts, the oil company was entitled to recover against the naked trespassers. House v. Reavis, 89 Tex. 626, 35 S. W. 1063.

To defeat the effect of prior possession, plaintiffs in error sought to show title in themselves under George Keith by limitation as to 640 acres. They took the burden of proof. To meet this duty, they sought to show that in 1837 Smith, the patentee, was in possession of the league, living in a house situated on the 15½ acres described in their intervention; that George Keith moved on the league under some kind of a trade with Smith; that Smith moved away when Keith moved in; and that Keith held that tract, claiming 640 acres, until 1860, when it was vacated.

[2] The only evidence showing, or tending to show, any claim by Keith is that he went into possession with the consent of Smith, settled on the improvements made by Smith —being the tract of 15½ acres described by metes and bounds in the intervention—and claimed an indefinite 640 acres out of the league. There is an absence of pleading or evidence showing any character of act by Keith designating the particular 640 acres claimed, or that he ever exercised any control over or adverse possession of any part of the league, other than that covered by the actual improvements. No character of possession or occupancy by Keith or plaintiffs in error is shown subsequent to 1859, until in the spring of 1914. The plaintiffs in error showed no title by limitation to any part of the league outside of the land covered by the improvements. Lumber Co. v. Kennedy, 103 Tex. 297, 126 S. W. 1110; Titel v. Garland, 99 Tex. 201, 87 S. W. 1152; Giddings v. Fischer, 97 Tex. 184, 77 S. W. 209; McAdams v. Hooks, 47 Tex. Civ. App. 79, 104 S. W. 432; Rice, Executor, v. Goolsbee, 45 Tex. Civ. App. 254, 99 S. W. 1031.

We now come to consider the serious question raised by the record: Is there any evidence raising the issue of title in plaintiffs in error as to the 15½ acres alleged to have been covered by the improvements? The only reasonable conclusion to be drawn from the evidence is that A. W. Smith had already improved the 15½ acres when Keith went into possession. The evidence shows that Smith was living on the land at the time Keith went into the occupancy of the house. How long Smith had been on the league, or the extent to which he had improved the same, does not appear. No additional improvements are shown to have been made by Keith after taking possession. It is not made to appear that he fenced any additional land after taking possession. He went into possession of this improved land with the consent of Smith. The bar of the statute is not made to appear, unless Keith's occupancy for 20 or more years under claim to the undefined 640 acres can be construed into such open and notorious adverse possession of the improved tract as charged Smith or his vendees with notice of the repudiation and adverse claim of Keith.

[3] Where the burden rests upon one asserting limitation, presumption supporting the claim should not be indulged, and more especially when the evidence will not more certainly support a presumption in consonance with the right than in derogation thereof.

[4-6] Keith took possession under some sort of trade. What was the trade? Was it some executory contract, the complete performance of which would have to be shown? Or was it a definite purchase of the 15½ acres by executed contract? Browning v. Estes, 3 Tex. 462, 49 Am. Dec. 760. We are left to grope in the maze of speculation as to the character of the contract under which possession was taken. Is it within the field of possibilities that a jury can, upon any reasonable hypothesis, say that Keith's possession was taken under such circumstances as to set in motion the bar of the statute? It is said that Smith's absence and want of assertion of right in opposition to Keith is presumptive of Keith's adverse right. We do not think this a sound proposition. Smith was not called upon to act until there was certainly an invasion of his possession in repudiation of the entry by consent, and notice brought home to him of such repudiation and adverse possession. His absence in proper case might be considered by a jury as tending to show payment of purchase money. Secrest v. Jones, 21 Tex. 121.

[7] If Keith took possession with the consent of Smith, that possession was Smith's possession until repudiation was brought home to Smith. Certainly the jury may not disregard the fact that possession was taken under some sort of trade, and treat the original entry as adverse.

We would have an entirely different question had the evidence simply showed naked possession by Keith for the statutory period under an assertion of claim to the land, or with an intention to occupy and hold it until his possession ripened into title. The presumption of claim arising from the con-

tinued occupancy, in satisfaction of the statutory prerequisites, is destroyed when the claimants' own evidence, on which they depend for the establishment of title, discloses facts which militate against the possession of the ancestor as being in opposition to and against the consent of the original title holder, and shows the abandonment by the claimant of any character of occupancy for more than a half century. The evidence shows that from 1859 to 1914 no character of occupancy was held by Keith or any claimant under him. It is shown that the improvements on the 15½ acres had disappeared, with the possible exception of some débris of an old chimney. Before the oil company took possession, nature had asserted dominion and clothed the remains of civilized occupancy in the habiliments of the forest.

·Having made proper disposition of the case, the judgment of· the Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. We approve the judgment recommended in this case.