### HOUSTON OIL CO. OF TEXAS v. HOLLAND. (No. 153-3116.)

(Commission of Appeals of Texas, Section B. June 16, 1920.)

1. **Adverse possession** ⟸107—**Possession of small field in 640-acre tract held not to show adverse possession of undivided 160-acre tract.**

One holding possession for more than ten years of a field 5 to 6 acres in a survey containing 640 acres cannot claim adverse possession to an undivided 160 acres not definitely located, where he exercised no actual possession outside field, and he bought from one who only claimed the field, and owner of survey had no notice of any claim beyond limits of field.

2. **Trespass to try title** ⟸47(1) — **Where pleadings or evidence do not describe tract of land held adversely, no judgment therefor can be given.**

Where in trespass to try title to recover a 160-acre tract claimed by adverse possession of a 5½-acre tract included therein, plaintiff showed adverse possession to the smaller tract alone, but the pleadings or evidence did not show its location or give a description thereof there is no basis for a judgment for the smaller tract.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Trespass to try title by J. H. Holland against the Houston Oil Company of Texas. From judgment of Court of Civil Appeals (196 S. W. 668) affirming judgment for plaintiff, defendant brings error. Reversed, and cause remanded for a new trial.

H. O. Head, of Sherman, and Parker & Kennerly and Kennerly, Williams, Lee & Hill, all of Houston, for plaintiff in error.

Thomas & Wheat and Tom F. Coleman, all of Woodville, for defendant in error.

SADLER, P. J. J. H. Holland filed suit in trespass to try title against the Houston Oil Company of Texas to recover an undivided 160 acres out of the N. H. Hove (or Hooe) 640-acre survey. He based his right upon the ten-year statute of limitation. He pleaded and the evidence tended to show his possession of a small undefined tract of about 5½ acres of the survey for the ten-year period. Neither in the petition nor by proof is the description of the 5½ acres given. The pleading and evidence wholly failed to show any character of dominion exercised by Holland over any definite portion of the larger survey lying without the fencing by which the 5½-acre tract was inclosed. No actual possession is shown to the outland by Holland. His pleading and the agreement of counsel is tantamount to a disclaimer as to all the land in the survey except 160 acres. The description of the 160-acre tract in the petition is not very definitely given, and only in a general manner, so as to include the 5½-acre tract. However, it is not shown that he did any act impressing his possession on the thus defined 160 acres. The description in the petition is clearly nothing more than an effort to render certain the partition desired by Holland.

It was agreed that the oil company had the record title to the whole of the survey, subject alone to such title as Holland might show under his plea of limitation.

In the state of the record Holland shows title, if at all, to the 5½-acre tract only.

Richardson, from whom Holland purchased, claimed and sold only the 5½-acre tract. Holland does not claim that he bought from Richardson a claim to the 160 acres defined in his petition, or to a definite or indefinite 160 acres out of the Hove. Upon the purchase Holland went into possession of the 5½ acres in continuation of the existing possession held by Richardson. This did not extend beyond the inclosure of the small tract. Holland's possession of this small tract was limited by his purchase to that alone as notice in support of the statute.

Thus holding the small tract, by a simple process of the mind, Holland sought to extend his claim beyond the inclosure to an undefined quantity of land necessary to en-

---

⟸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

large his holding to 160 acres. No act is shown which constituted notice to the title owner that such secret intention and claim existed. As said by Judge Gaines:

"There were no 'external circumstances discovering that inward intention.'" Titel v. Garland, 99 Tex. 206, 87 S. W. 1152.

[1] The defendant in error fails. to show title by limitation to the excess beyond the 5½-acre tract. Lumber Co. v. Kennedy, 103 Tex. 297, 126 S. W. 1110; Titel v. Garland, 99 Tex. 206, 87 S. W. 1152; McAdams v. Hooks, 47 Tex. Civ. App. 79, 104 S. W. 432; Rice, Executor, v. Goolsbee, 45 Tex. Civ. App. 254, 99 S. W. 1031.

[2] Neither by the pleading nor by the evidence is the location of the 5½-acre tract shown. No description of this is given. The evidence furnishes no data on which the verdict of the jury or the judgment of the court can be based as to this tract. Giddings v. Fischer, 97 Tex. 184, 77 S. W. 209.

The judgments of the Court of Civil Appeals and of the trial court should be reversed, and the cause remanded for a new trial.

PHILLIPS, C. J. We approve the judgment recommended in this case, and the holding of the Commission on the question discussed.

---

&xrarr;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes