## WALKER v. MAYNARD et al.
### No. 7460.

Court of Civil Appeals of Texas. Austin.
July 9, 1930.

Rehearing Denied Sept. 17, 1930.

Shelton & Shelton and R. C. Walker, all of Austin, for appellant.

BLAIR, J.

On May 22, 1928, appellant, R. C. Walker, sued appellees, J. W. Maynard and his wife Margaret Maynard, G. W. Maynard, John L. Maynard, Jesse Maynard, W. D. Brooks, J. Ed. Schonfield, and Felix Bonnet, in trespass to try title to recover 1,040 acres of land out of the C. Ybarbo 1,120 survey and 338½ acres out of the J. A. Ybarbo 1,390-acre survey in Travis county; and recovered judgment against all appellees, which is not contested and is here affirmed, for all the land he sued for out of the C. Ybarbo survey, except the following awards to the appellees named under their pleas of title by the ten-year statute of limitation:

1. 130 acres, more or less, described by metes and bounds, awarded to appellees J. W. Maynard and wife, Margaret Maynard, which judgment is admitted to be correct and is here affirmed.

2. 171 acres awarded to appellee G. W. Maynard, described in the judgment as being out of the northwest portion of the 834.1 acres sued for by the Maynards so as to include the improvements.

3. 150 acres awarded to appellee John L. Maynard and described in the judgment as being south of the 171 acres awarded to D. W. Maynard and adjoining it.

Appellee Felix Bonnet was awarded the 338½ acres out of the J. A. Ybarbo survey under his plea of title thereto by the ten-year statute of limitation.

We sustain appellant's contention that there are neither pleadings nor evidence to support these judgments. Appellees G. W. and John L. Maynard joined all appellees Maynard in their plea of title by ten-year statute of limitation to a 834.1-acre tract, or to a 605.25-acre tract out of the 834.1 acres described, alleging their joint possession, but by their evidence these two appellees abandoned their joint suit for the 834.1 acres, or the 605.25 acres, and claimed separate possession of the 171-acre tract and the 150-acre tract awarded to them respectively. Neither of these appellees' pleadings described the tract awarded to him, and the evidence is undisputed that each of them was a mere naked trespasser or possessor, neither claiming the tract awarded under a deed or muniment of title duly recorded and defining the boundaries of same. They should not have recovered under the following rule announced in the case of Giddings v. Fischer, 97 Tex. 188, 77 S. W. 209, 211: "When a party is in possession of land, of which he has held adverse possession of 10 years, and claims under no muniment of title or color of title which fixes the boundaries of his claim, he may under our statute, assert title to 160 acres without showing actual occupancy of the whole, provided that the tract so claimed embrace the land of which he has had actual possession, and provided further that he describe in his pleading the 160 acres to which he asserts title, and that he prove upon the trial that, while occupying a part, he claimed the whole." La. & Tex. Lbr. Co. v. Kennedy, 103 Tex. 297, 303, 126 S. W. 1110; T. & N. O. Ry. v. Broom, 53 Tex. Civ. App. 78, 114 S. W. 655; La. & Tex. Lbr. Co. v. Stewart, 61 Tex. Civ. App. 255, 130 S. W. 199; Kirby Lbr. Co. v. Conn., 114 Tex. 104–110, 263 S. W. 902.

Nor did either of these two appellees by his pleadings plead the field notes to the larger tract, and his claim to 160 acres undefined to be selected so as to include his improvements, and without such pleadings they cannot recover. Bering v. Ashley (Tex. Civ. App.) 30 S. W. 838; Parker v. Cameron & Co., 39 Tex. Civ. App. 30, 86 S. W. 647; Rice's Ex'rs v. Goolsbee, 45 Tex. Civ. App. 254, 99 S. W. 1031; McAdams v. Hooks, 47 Tex. Civ. App. 79, 104 S. W. 432; Davis v. Receivers, Houston Oil Co., 50 Tex. Civ. App. 597, 111 S. W. 219; Smith v. Simpson Bank, 52 Tex. Civ. App. 108, 113 S. W. 568.

Nor could appellee G. W. Maynard recover more than 160 acres under the rule quoted. The evidence also shows as a matter of law that G. W. Maynard did not have continuous possession of the 171-acre tract awarded him or any part thereof for the period of ten years next preceding the filing of this suit. He testified that he moved to Burnet county March 1, 1920, made a crop there, and returned to the 171-acre tract awarded him November 1, 1920. Neither of the small fields which he had fenced was cultivated for that year, and the small "shack" or one-room house which he built on the inclosure of one of the fields in 1913 was not occupied during his nine months' absence. No one was left in charge of the premises, and he took with him his family and all his household effects, except a bedstead, a cookstove, and a few chairs. This evidence as a matter of law shows a break in his possession, because, under the

plea of title by the ten-year statute of limitation, the possession must be continuous, and the claimant must actually cultivate, use, or enjoy the premises; and, as was held by the earlier cases, claimant must "keep his flag flying." Word v. Drouthett, 44 Tex. 370; Cook v. Dennis, 61 Tex. 246; Dunn v. Taylor, 102 Tex. 80, 113 S. W. 265; Peden v. Crenshaw, 98 Tex. 365, 84 S. W. 362;' Niday v. Cochran, 42 Tex. Civ. App. 292, 93 S. W. 1027; Buster v. Warren, 35 Tex. Civ. App. 644, 80 S. W. 1063; Odem v. Leahy (Tex. Civ. App.) 264 S. W. 218, 219. The judgment awarding G. W. Maynard the 171 acres is reversed, and judgment is here rendered awarding same to appellant.

█ Nor is there any evidence showing peaceable and adverse possession for the ten-year period alleged of the 150-acre tract or any part of it awarded to appellee John L. Maynard. The 834.1-acre tract, or the 605.25-acre tract out of it, claimed by appellees Maynard under their joint plea of title by limitation, included what is described as lots 43 and 44, as shown by a plat of the C. Ybarbo survey recorded in 1871. Appellant did not sue for these lots of 40 acres each, and they are not involved in this controversy. Appellee John L. Maynard was shown to have lived on lot 44 for about 12 years prior to the filing of this suit. From this possession of lot 44 not involved in this suit his constructive possession was extended to the 150 acres awarded to him, apparently adjoining lot 44, though the evidence is not clear on this point. There were no pleadings describing the 150 acres, and the undisputed evidence shows that this appellee had not been in peaceable and adverse possession of any part of the 150 acres awarded to him for the ten-year period. On the contrary, this appellee testified that "the range is open and where everybody can run cattle and stock on it just the same as I did." In order to hold land by constructive possession, the party claiming it must be in possession of a part of the land; and the mere running of stock upon an open range in common with others is not such possession as will sustain title by limitation. Nor does the statute make any provision for two or more defendants to hold jointly as naked trespassers or possessors, but each must hold exclusive as against the world. Crumbley v. Busse, 11 Tex. Civ. App. 319, 32 S. W. 438. The reason for the rule is that proof of joint possession would not designate any particular portion of the land to which the ten-year statute would apply, and would not authorize a decree for any definite part of the land. The judgment awarding appellee John L. Maynard 150 acres out of the C. Ybarbo survey is reversed, and judgment is here rendered awarding appellant title and possession of said 150 acres.

Appellee Felix Bonnet filed his plea of title by the ten-year statute of limitation to the 338½ acres of land out of the J. A. Ybarbo survey, claiming under deeds or muniments of title recorded, beginning with a deed executed by John L. Maynard et ux. to Charlie Suhr, dated November 28, 1917, recorded February 18, 1919, and through mesne conveyances to him. The above-mentioned deed described the land as follows:

"The second tract being a part of the J. A. Ybarbo survey, being two hundred and thirty six acres more or less, excluding the following amounts owned and claimed as follows:

"A. H. Briggs Estate 200 acres; T. U. Hart 80 Acres; G. W. Maynard 432¼ acres; R. Rogers 40 acres; J. W. Sylvester 88¾ acres; R. R. Turner 293¼ acres; Charlie Suhr 212 acres; D. D. Whitt 232½ acres."

█ Over appellant's objection that it was the duty of the court to construe the deed in that respect, the trial court submitted a special issue requiring the jury to find whether "the boundaries (if any) were so described in the deed from John L. Maynard and wife to Charley F. Suhr * * * as to determine what land was intended to be conveyed thereby out of the J. A. Ybarbo survey." The jury answered the issue "Yes," and, upon their further finding that appellee Bonnet had been in peaceable and adverse possession of the land for ten years next prior to May 22, 1928, he was awarded the land.

It is too well settled to necessitate a discussion that it was the duty of the court to construe the deed to determine if it sufficiently described the land intended to be conveyed, and the submission of that issue to the jury requires a reversal of the judgment awarding the land to Bonnet.

█ We construe the deed to be void for want of description of the land intended to be conveyed. Over appellant's objection appellee Bonnet introduced the deed and parol evidence tending to locate the land claimed by him under the instrument. This was error. The instrument does not purport to convey all of the land remaining in the J. A. Ybarbo survey after excluding the tracts excepted, but purports to convey an undefined part of the survey less the tracts excepted. The record of the survey shows it to contain 1,390 acres, and the tracts excepted in the deed aggregate 1,579 acres. This is an ambiguity on the face of the deed and renders the instrument void for want of description of the land intended to be conveyed, and it cannot be aided by any averment or proof; nor will parol evidence be heard to identify the land intended to be conveyed under the plea of title thereto by the ten-year statute of limitation. Under such plea of limitation the deed relied upon must on its face and by its own terms, or by reference to some other registered deed or record description, give such description of the land sought to be conveyed as will identify and locate it, and any description which falls short of this cannot be

aided by parol evidence explanatory of the description, and tending to identify the land intended to be conveyed. Coker v. Roberts, 71 Tex. 597, 9 S. W. 665; Norris v. Hunt, 51 Tex. 609; Kingston v. Pickins, 46 Tex. 101; Wofford v. McKinna, 23 Tex. 36, 76 Am. Dec. 53; Kilpatrick v. Sisneros, 23 Tex. 113; McKinzie v. Stafford, 8 Tex. Civ. App. 121, 27 S. W. 790; Clark v. Kirby (Tex. Civ. App.) 25 S. W. 1096; Brokel v. McKechnie, 69 Tex. 32, 6 S. W. 623; McDonough v. Jefferson County, 79 Tex. 536, 15 S. W. 490; Murphy v. Welder, 58 Tex. 235; McCurdy v. Locker, 2 Tex. Civ. App. 220, 20 S. W. 1109; Harber v. Dyches (Tex. Sup.) 14 S. W. 580.

 Nor can the instrument from John L. Maynard and wife to Charlie Suhr be considered as a muniment or memorandum of title under the ten-year statute of limitation, because it was not duly registered for ten years next preceding the filing of this suit, it having been recorded February 18, 1919, and the suit having been filed May 22, 1928. But if it should be contended that under the terms of the ten-year limitation statute, where title is predicated upon a memorandum of title other than a deed, it need not be registered (which proposition we do not agree to), then the instrument here under consideration does not when considered as a memorandum of title describe or fix the boundaries of the land claimed by appellee Bonnet. R. S. 1925, art. 5510; Craig v. Cartwright, 65 Tex. 413; Pearson v. Boyd, 62 Tex. 541; Bringhurst v. Tex. Co., 39 Tex. Civ. App. 500, 87 S. W. 893; Cook v. Dennis, 61 Tex. 246; Roseborough v. Cook, 108 Tex. 364, 194 S. W. 131; Martinez v. Bruni (Tex. Com. App.) 235 S. W. 549, 551; Crumbley v. Busse, 11 Tex. Civ. App. 319, 32 S. W. 438.

 From our holding that the deed under which appellee Bonnet claimed title was void for want of description of the land, it follows that under the rule above quoted he could only recover 160 acres out of the larger tract described upon proper pleadings and proof. However, he did not by his pleadings or proof claim 160 acres undefined to be selected so as to include any improvements out of the larger tract. But he had no opportunity to amend in that respect, because the court submitted the case upon the theory that the deed under which he claimed defined the boundaries of the 338½ acres in suit. This would ordinarily require the cause to be reversed and remanded in order that appellee might amend his pleadings so as to claim a specific 160 acres, but we have carefully examined the evidence tending to establish appellee Bonnet's plea of title to the larger tract by the ten-year statute of limitation, and find as a matter of law that it does not show continuous possession of any part of the land for a period of ten years next preceding the filing of this suit, and there is no need to remand. This appellee confined his plea of title by limitation specifically to the land sold by John L. Maynard and wife to Charlie Suhr, November 28, 1917, Suhr selling to W. H. Bonnet, and W. H. Bonnet to appellee Felix Bonnet. The evidence probably shows a continuity of possession from the date of the Maynard-Suhr deed between W. H. Bonnet and Chas. Suhr, but wholly fails to show when appellee Felix Bonnet or his tenants took possession. The uncontroverted evidence also shows that appellee Bonnet, his tenants, and the above-named predecessors in title lived on what is known as the old Gray place, which land is not involved in this suit, and which was owned by them. They never lived on any part of the land sued for by appellant, except lot 21, which appellee purchased through another source than the Maynard-Suhr deed, but sought to hold appellant's land by constructive possession of their own land adjoining, and the only possession of any of appellant's land relied on was that of a small field of three or four acres in lot 21, which the evidence shows was not cultivated for one year during the limitation period. The evidence shows that a few acres was fenced and put in cultivation by W. H. Bonnet on lot 20, but after August 13, 1919. The only other possession relied upon was the use of the open range in common with others and to occasionally cut wood off the land, but to what extent is not shown. This appellee, and those under whose possession he claims, could not live on their own land and by constructive possession extend same to appellant's adjoining land, even if his deed was a proper deed; but, as held in the cases of Turner v. Moore, 81 Tex. 209, 16 S. W. 929, and Allen v. Boggess, 94 Tex. 83, 58 S. W. 833, he must be in actual possession of a part of the land and claiming a defined tract or portion; and the mere running of stock on an open range and occasionally cutting wood will not suffice as notice of the claim. The judgment awarding Felix Bonnet the 338½ acres out of the J. C. Ybarbo survey is reversed, and judgment is here rendered awarding same to appellant.

S. L. Briggs intervened, setting up a claim of title to two separate tracts, one of 80 acres and the other of 40 acres, out of the C. Ybarbo, being a part of the land sued for by appellant; but at the conclusion of his evidence a verdict was instructed and judgment rendered that he take nothing by his suit. No appeal was taken from this judgment, and it is affirmed.

The trial court's judgment is affirmed in part and in part reversed and rendered as above stated.

Affirmed in part, and in part reversed and rendered.