## MUSGROVE et al. v. FOSTER LUMBER CO. et al.

### No. 2854.

Court of Civil Appeals of Texas. Beaumont.

Dec. 26, 1935.

Rehearing Denied Jan. 8, 1936.

Crawford & Crawford, of Conroe, for appellants.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellees.

WALKER, Chief Justice.

This was an action in trespass to try title by appellants, the heirs of Doc Kelley, against appellees, Foster Lumber Company et al., to recover a specific 160 acres of land described by metes and bounds in appellants' petition, on the Big Beasley Pruitt survey in Montgomery county; appellants pleaded title specially under the ten years' statute of limitation based upon the possession of Doc Kelley, which, under the testimony, began about 1879 and ended about 1901; appellants claimed only under this limitation. The specific land sued for was not surveyed out and marked on the ground until 1933. Judgment was entered on an instructed verdict in favor of appellees on their answer of not guilty, from which this appeal was regularly prosecuted.

The verdict was properly instructed in favor of appellees for the reason that there was absolutely no showing by the evidence of any claim whatever by Doc Kelley, and appellants holding under him, to any part of the 160 acres sued for, or to any other portion of the Big Beasley Pruitt survey, except to a small field of 20 or 25 acres claimed, cultivated, and used by Doc Kelley for more than ten years, together with the improvements that constituted his home.

Possession of the small farm for the full limitation period, together with use

and claim thereto within the provisions of the ten years' statute of limitation (Vernon's Ann.Civ.St. art. 5510), did not give Doc Kelley constructive possession beyond his inclosures, sufficient to mature title under the ten years' statute of limitation to any land outside of his inclosures. Discussing this legal proposition in McBurney v. Knox, 111 Tex. 510, 241 S.W. 1000, 1001, Judge Greenwood, speaking for our Supreme Court, said: "From 1896 to 1905, Garlington had actual possession of only the land within his inclosure. No part of the remainder of the 354 acres was in his constructive possession. Had he been claiming other land, which, with that inclosed, did not exceed 160 acres, his constructive possession, under article 5676, would have embraced same. In the absence of claim by Garlington to the portion of the 354 acres without his inclosure, the owners continued in their undisturbed constructive possession thereof. Houston Oil Co. v. Ainsworth (Tex.Com.App.) 228 S.W. [185], 187."

The Ainsworth Case, cited by Judge Greenwood, is directly in point. In that case Judge Sonfield, speaking for the Commission of Appeals, thus stated the issue:

" 'The testimony as to each and all of them (those in possession) except Cook and Brady was that they claimed 640 acres and *under the law the possession of Cook and Brady extended to 640 acres.'*

"The last sentence of the above statement, which we have italicized, involves the contention of defendants in error, and presents the crucial question in this case. Cook and Brady being in actual possession of a small tract of the land, will such possession extend to 640 acres in virtue of section 17, Act of 1841, art. 4624, Paschal's Digest, in the absence of a claim by them thereto?"

Supporting his conclusion that the adverse claim must extend beyond the inclosures to include the land sued for, Judge Sonfield said:

"To create a title through limitation under the act of 1841, as under the present statutes, mere occupancy of the land, in whole or in part, for the requisite period would not suffice. The possession must have been adverse, which involves a hostile claim, a claim of right in the possessor. * * *

"In no case to which we have been referred has it been held that actual possession of a part will give title to other land

without a claim to such other land. The act of 1841 and the present statutes but extend the doctrine of constructive possession, making it applicable to those in actual possession of a part, without color of title, who assert a claim of right to the statutory amount. * * *

"We conclude that actual possession of a part does not give constructive possession to 640 acres under the act of 1841, or to 160 acres under the present statutes, in the absence of a claim of right to the 640 acres or 160 acres, as the case may be. The same conclusion was reached by section B of the Commission of Appeals, in the recent cases of Durham v. Houston Oil Co. of Texas, 222 S.W. 161, and Houston Oil Co. of Texas v. Holland, 222 S.W. 546."

See, also, Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S.W. 902; Durham v. Houston Oil Co. (Tex.Com.App.) 222 S.W. 161; McAdams v. Hooks, 47 Tex.Civ.App. 79, 104 S.W. 432; Rice, Ex'r, v. Goolsbee, 45 Tex.Civ.App. 254, 99 S.W. 1031; Webb v. Lyerla, 43 Tex.Civ.App. 124, 94 S.W. 1095; Giddings v. Fischer, 97 Tex. 184, 77 S.W. 209.

By their pleadings appellants did not describe the land held and claimed by Doc Kelley under his inclosures, nor was there any testimony locating the inclosures upon the ground. On this statement, under the authorities, the verdict was properly instructed in favor of appellees, even as to the improvements. Manning v. Standard Oil Co. of Kansas (Tex.Civ.App.) 67 S.W. (2d) 919; Furlow v. Kirby Lumber Co. (Tex.Civ.App.) 53 S.W.(2d) 642; Lee v. Kirby (Tex.Civ.App.) 277 S.W. 225.

Appellants complain that the court erred in refusing to permit them to prove by Mrs. Musgrove, a daughter of Doc Kelley, and one of the appellants, the length of time Doc Kelley and his wife lived on this land; that the fence was built around the improvements in 1879; that she knew the location on the ground of the boundaries of the specific 160 acres of land sued for as surveyed in 1933. On the statement that there was no claim to the land sued for beyond the inclosures, the exclusion of this testimony was not error.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

Affirmed.